DUPONT, Administrator, and others, Appellants, vs. JONET, Administrator, and others, Respondents.

*April 26—May 15, 1917.*

*Trusts in personal property: Creation by parol: Evidence: Husband and wife: Gift of note and mortgage: Certificate of deposit: Tenancy by entireties: Right of survivorship.*

1. A trust in personal property may be created by parol, but the evidence to establish it must be clear and convincing and must consist of something more than loose conversations with third parties.

2. Thus, in an action by the administrator of a husband's estate against the administrator of the wife's estate, to recover certain securities which originally belonged to the husband and were alleged to have been transferred to the wife under a trust agreement by which she was to have the use of such securities during her life and upon her death to give them to his children by a former marriage, evidence of statements said to have been made by the wife in casual conversations with her friends was too vague to establish the making of any such agreement or the creation of any trust.

3. Under sec. 2405m, Stats., the supreme court may grant relief to an appellant if it appears that the real controversy has not been

fully tried or if it seems probable that justice has miscarried, though the issue raised in that court was not raised by the pleadings or otherwise in the court below and there was no rul·ing or exception which brings the question before the supreme court.

4. Where a note and mortgage securing a loan made by a husband were made out in the name of his wife at his direction and were kept in a box at their home, accessible to both, and the mort-gagor afterwards paid the interest to the wife and took her re-ceipt therefor, these facts establish a completed gift to the wife, her knowledge, acceptance, and possession of the securities be·ing clearly shown. *Tobin v. Tobin*, 139 Wis. 494, distinguished.

5. Husband and wife went to a bank together, where he surrendered certificates of deposit which were in his name and had new cer-tificates made out in his and her names jointly, payable to either. They received such certificates, took them home, and kept them until his death in a box accessible to both or either at any time. *Held*, that there was a completed gift to the wife of an undivided interest in the fund; that a tenancy by entire·ties was created; and that upon the husband's death the wife took the whole by right of survivorship.

ESCHWEILER and KERWIN, JJ., dissent.

APPEAL from a judgment of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

Action in equity, originally brought by the administrator of the estate of a deceased husband against the administrator of the estate of his deceased wife demanding judgment that certain securities be declared to be the property of the plaint-iff administrator and that the defendant administrator be adjudged to hold the same in trust for the plaintiff adminis-trator. In the original complaint it was charged that the wife had procured the deceased husband to transfer the se-curities to her by undue influence and by taking advantage of his mental and physical weakness. Upon the trial an amend-ment to the complaint was allowed charging that the wife, "before she obtained the property," agreed that after using the same during her life she would at her death give the prop-erty to the children of her husband by a former marriage, and that by reason of such promise and undue influence "she re-

ceived a transfer of said property." The allegations of un-
due influence and the agreement to hold in trust were denied
by the defendants and the action was tried by the court with-
out a jury upon the sole question whether the alleged agree-
ment to hold the property in trust was made, the contention
of undue influence having been abandoned on the trial. At
some time during the trial the husband's children by the
former marriage were made parties plaintiff by stipulation.

The following facts were disclosed by the evidence: Leo-
pold DeBeck, the plaintiff's intestate, a widower seventy-five
years of age and the father of seven adult children, married
in July, 1911, Louisa Klick, a divorced woman, considerably
younger than himself, who had been his housekeeper for two
years and to whom he had furnished the funds to secure a
divorce. In June preceding the marriage Mr. DeBeck
deeded the small homestead which he owned to a third person
and the same was at once deeded back to Leopold DeBeck and
Louisa Klick and to the survivor of them. After the mar-
riage Louisa received $300 from the estate of her father. In
April, 1912, $875 was loaned by Leopold to one *Frere* and
by Leopold's direction the note and mortgage was made pay-
able to Louisa. Subsequent to his marriage DeBeck had on
deposit in a bank $1,300, evidenced by two certificates of de-
posit, one for $300 falling due December 31, 1913, and the
other for $1,000 falling due April 8, 1914. Both were re-
newed when they fell due, and on each occasion the husband
and wife went to the bank together and procured a new cer-
tificate to be issued reading "Mr. and Mrs. Leopold DeBeck
has deposited" (stating the sum), payable "to the order of
either." In the $1,000 certificate the words "or survivor"
were added, but they do not appear in the $300 certificate.
The physical possession of the certificates after their renewal
is not shown by the evidence, but the statement was made by
one of the counsel on the argument of the case in this court
that they were kept with the mortgage in a box at home, sub-

ject to the control of either party, and this statement was assented to by opposing counsel. The *Frere* mortgage and the two certificates are the only property involved in this action. The marriage was happy. The husband's children were displeased with it and seldom visited the old couple. On the night of December 22, 1914, both husband and wife were asphyxiated by gas from a coal stove in their home and Leopold DeBeck died December 23d, while Louisa survived until the following day. Neither made a will. The circuit judge reviewed the testimony at length and found that no agreement was made by Mrs. DeBeck, when the transfers were made, to hold the property in trust for the children, that no trust was in fact created, and that Louisa DeBeck at the time of her death was legally possessed of the property in controversy, and that the defendant administrator is entitled to possession thereof. From judgment in accordance with these findings the plaintiffs appeal.

For the appellants there were briefs by *Kaftan & Reynolds* of Green Bay, and oral argument by *Robert A. Kaftan.*

For the respondents there was a brief by *Silverwood & Fontaine* of Green Bay, and oral argument by *A. B. Fontaine* and *T. P. Silverwood.*

WINSLOW, C. J. It is very plain that there was presented to the trial court here but one simple issue and that was whether the deceased Louisa, at the time she received the property in question, made a promise or contract that she would use it during her life and upon her death give it to her husband's children. The fact that a complete transfer of the property to her had been made was not questioned; in fact it was explicitly asserted in the complaint (as amended) that "she obtained the property" by reason of having made such a promise. This issue the court below tried with painstaking care. The proof of the trust agreement consisted of oral statements said to have been made by Louisa in casual con-

versations with her friends. The court reached the conclusion that this evidence was too vague to show that any contract or promise was made by Louisa at the time of the transfers and that the statements relied on amounted at most to mere promises, made after the transfers, that she would at some time give the property to her husband's children.

A trust may unquestionably be created in personal property by parol, but the rule is that the evidence to establish it must be clear and convincing and must consist of something more than loose conversations with third parties. Any other rule would be fraught with danger. *Dewey v. Fleischer,* 129 Wis. 591, 109 N. W. 525; *Allen v. Withrow,* 110 U. S. 119, 3 Sup. Ct. 517. Bearing this rule in mind, we are well convinced that the conclusions of the trial court were right.

Ordinarily the case would end here, but appellants' counsel seek to raise in this court an issue not raised in the trial court and base their contention in this court chiefly thereon. They say that there is no proof showing that either of the securities in question was ever delivered to the wife and hence there was never any completed gift. There was, as we have seen, no such issue raised by the pleadings; in fact the complaint alleges affirmatively that the property was "transferred" and that it was "obtained" by Louisa by means of her promise to hold it in trust. There is therefore no ruling or exception which brings the question before us. This court has power, however, under sec. 2405m, Stats., to give the appellant relief in such a case, if it appear that the real controversy has not been fully tried or if it seems probable that justice has miscarried.

Does such appear to be the case here?

We think not. In considering this question we may of course take into account the statement of counsel made in this court and assented to by opposing counsel that the securities were kept in a box at home, accessible to both husband and wife.

So far as the note and mortgage are concerned, there can be no doubt that under the circumstances disclosed by the evidence, taken in connection with the facts admitted by counsel, there was a completed gift. They were made out in the name of the wife at the husband's direction and were kept at the home of the parties. It is stated by the circuit judge, in his very careful review of the testimony, that when the mortgagor paid his interest at the end of the first year he paid it to Louisa DeBeck and took her receipt therefor. This shows knowledge, acceptance, and possession on the part of the wife and makes it certain that the gift was fully completed. The case of *Tobin v. Tobin,* 139 Wis. 494, 121 N. W. 144, in which it was held that there was no completed gift of a note and mortgage executed in like manner because the donee never knew of their execution and never accepted or had possession of them, plainly has no application here.

As to the certificates of deposit the question is different, but we reach the same conclusion.

There may be a joint tenancy in personalty as well as in realty and the characteristic unities are the same, namely, unity of time, title, interest, and possession, and in both cases there is the right of survivorship. *Farr v. Trustees, etc.* 83 Wis. 446, 53 N. W. 738; *Fiedler v. Howard,* 99 Wis. 388, 75 N. W. 163. When the grantees are husband and wife they become (at common law) tenants by entireties instead of joint tenants. Some of the text-books consider an estate by entirety as only a species of joint estate, but it is unnecessary to delve into the well-nigh forgotten lore on this subject. Both estates possess a number of the same essential qualities, including the quality of survivorship. As to real estate, our statute has substituted joint tenancy for tenancy by entireties in case of a conveyance to husband and wife, but there has been no such change as to personal property. *Wallace v. St. John,* 119 Wis. 585, 97 N. W. 197; *Bassler v. Rewodlinski,* 130 Wis. 26, 109 N. W. 1032.

No reason is perceived why a husband may not deposit money in a bank and take a certificate therefor in the names of both himself and his wife, payable to either, and thus make a gift to her of an undivided interest in the fund, and create a tenancy by entireties therein. All that is necessary would seem to be that the gift be completed by transfer of the required possession of the thing given. Inasmuch as the thing given is a joint interest, it is only logical that the possession given should be a joint possession. Such a possession is appropriate to and characteristic of joint ownership, just as individual possession is appropriate to and characteristic of individual ownership.

It is admitted that the possession of the certificates after their delivery was joint; that is, they were kept in a box at the home of the parties where they were accessible to both or either at any time. This, in our judgment, makes the gift complete.

There are indeed authorities which go further than this. It is said by Mr. Freeman (Cotenancy & Part. (2d ed.) § 68):

"Whenever a husband procures stocks in the name of himself and wife, or takes notes, mortgages, or other securities in his and her names, a tenancy by entirety is created in such stocks, notes, mortgages, or other securities. . . . Had he desired to be sole owner, he would have used no name other than his own. But having had her name inserted with his own, she, in the event of his death, becomes sole owner of all which the two at the moment of his decease possessed as tenants by the entirety."

See, in support of these views, *Sparks v. Hurley,* 208 Pa. St. 166, 57 Atl. 364; *Fisk v. Cushman,* 6 Cush. (60 Mass.) 20; *Draper v. Jackson,* 16 Mass. 486.

There are doubtless many certificates of deposit which are made payable to either of two persons for the very purpose of endowing the survivor with the whole title in case of the death

of one.   Our banking statute recognizes this custom, and, so far as deposits under $500 are concerned, makes the payment thereof to either party and his receipt therefor an absolute discharge of liability by the bank, whether the payment be made before or after the death of the other party.   Sec. 2024—46m, Stats. 1915.   Many authorities are cited by appellants to the effect that a deposit of money by one person in a bank on a pass-book or certificate of deposit in his own name and that of another jointly is not a completed gift of any part of the money so deposited so long as the depositor retains entire control of the pass-book or certificate of deposit.   They will be found cited in the notes in 20 Cyc. 1204, 1205.   This may be at once admitted.   In the present case it affirmatively appears that husband and wife went to the bank together; that the previous certificate was surrendered, and by direction of the husband a new certificate issued reciting that "Mr. and Mrs. Leopold DeBeck" had deposited the sum named in the former certificate payable to the order of either; that the husband stated that he was now married, introduced the woman as his wife, and explained this was the reason why he wanted the certificates so made out; that they received the certificates and went away together; that the certificates were taken home and kept in a box where they were accessible to each and so kept until the death of Mr. DeBeck.

We have no hesitation in pronouncing this a valid gift completed by a sufficient delivery.   Creditors of the husband might doubtless defeat it by showing that they would thereby lose their claims, but there is no such question here.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J. (*dissenting*).   Although by the first conclusion of law the trial court found that at the time of her death Louisa DeBeck was legally possessed of the certificates of deposit and that the defendant administrator of her estate

is now entitled to the possession thereof, yet the real and only question litigated was whether there was a trust created in them for Leopold DeBeck's children.

The facts shown on the trial are sufficient to raise a very serious doubt whether there had been such a loss of control by Leopold DeBeck of these certificates as to vest absolute title in his widow. The mere forms of the certificates would not be sufficient of themselves. *Tobin v. Tobin,* 139 Wis. 494, 121 N. W. 144; *Staples v. Berry,* 110 Me. 32, 85 Atl. 303; *Matter of Van Alstyne,* 207 N. Y. 298, 100 N. E. 802; *Taylor v. Henry,* 48 Md. 550, 30 Am. Rep. 486; *Whalen v. Milholland,* 89 Md. 199, 43 Atl. 45, 44 L. R. A. 208.

The complaint by the administrator does go upon the theory of a completed delivery and passing of possession to Louisa DeBeck. But if such theory was mistaken, or ill-advised even, I do not think a person suing in a representative capacity should be held to any such rigid rule as would foreclose him from asking to have this new and important issue determined. Neither ought the plaintiff children of Leopold DeBeck be bound by a position taken by an administrator in an action before they became parties thereto. It appears to me that this is a case for relief under sec. 2405*m,* Stats., providing that if it shall appear that the real controversy has not been fully determined, or that it is probable that justice has for any reason miscarried, this court in its discretion may remit the case for a new trial below and direct the making of such amendments in the pleadings as shall be deemed necessary to accomplish the ends of justice. If there was not sufficient done by Leopold DeBeck during his lifetime to vest absolute title in Louisa DeBeck, then the defendant administrator is being given by the court property which in truth and in fact belongs to someone else. I think that this has now become a vital question in the case and the parties interested should have their day in court thereon.

Kerwin, J. I concur in the foregoing dissent.