(No. 18464.—)

EUSTACHE DESLAURIERS, Exr., Appellee, *vs.* BELLE SENE-SAC *et al.*—(LEO CHOUINARD *et al.* Appellants.)

*Opinion filed October 25, 1928.*

438

FRANK J. BURNS, and JAMES T. BURNS, guardians *ad litem,* for appellants.

A. L. & C. M. GRANGER, for appellee.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Ida Boudreau, by a deed dated July 20, 1903, acquired the title to the south half of lot 11, in block 12, in Van-Meter, Linsley, Newton & Henry Bacon's addition to the town of Kankakee City, in Kankakee county. Some time thereafter she married Homer Deslauriers. On April 22, 1911, Ida Deslauriers and her husband executed a warranty deed purporting to convey the half lot to themselves as joint tenants and not as tenants in common. The description was followed by the statement: "Said grantors intend and declare that their title shall and does hereby pass to grantees not in tenancy in common but in joint tenancy." On February 22, 1918, Ida Deslauriers died intestate without issue but leaving her husband, brothers and sisters and certain nephews and nieces her heirs-at-law. Shortly after his wife's death Homer Deslauriers entered into a contract for the sale of the property to Martin Drendel and Edward West on deferred payments. Before the purchasers became entitled to a deed under the contract, Homer Deslauriers, the vendor, died. His will was admitted to record and Eustache Deslauriers was appointed and qualified as executor. While the administration of the estate was in progress Drendel and West notified the executor that they

were ready to pay the balance of the purchase price and requested a deed conveying the property to them. Upon the executor's petition the county court of Kankakee county by its order authorized him to execute and deliver the deed. An abstract of title to the property was furnished and the purchasers submitted it to a lawyer for examination. The lawyer doubted that a joint tenancy had been created by the deed from Ida Deslauriers and her husband to themselves as joint tenants. Upon his advice the purchasers refused to accept the title until it was confirmed by the decree of a court of equity. The executor thereafter filed his bill in the circuit court of Kankakee county against the heirs of Ida Deslauriers, deceased, alleging the foregoing facts and praying that the court decree that the deed in question created an estate in joint tenancy; that by the death of Ida Deslauriers her surviving husband became the sole owner of the property, and that the executor was empowered by the county court's order to convey the property to the purchasers in fee simple. Ten minor defendants answered the bill by their guardian *ad litem.* Certain adult defendants also filed an answer, while the bill was taken as confessed by other defendants. Upon a hearing the court rendered a decree in conformity with the prayer of the bill. This appeal by the infant defendants followed.

Appellants contend that since Ida Deslauriers held title to the property in severalty, the deed from herself and husband to themselves as joint tenants created a tenancy in common and not a joint tenancy. The contentions of appellee are, in substance, that the intention of the grantors to create a joint tenancy is expressly stated in the deed; that in the construction of a deed effect will be given, if possible, to the intention of the parties, and that in case one of the grantees in a joint tenancy deed cannot take under it the remaining grantee or grantees will take the whole title.

A transaction involving the transfer of title to real estate presupposes the participation of two or more parties.

For every alienation there must be an alienor and an alienee, for every grant a grantor and a grantee, and for every gift a donor and a donee. The words "convey," "transfer," and similar words employed in conveyancing, signify the passing of title from one person to another. To make a deed effective the grantor is divested of, and the grantee is vested with, the title. The requisites of a deed purporting to grant an immediate estate in possession are, that there be a grantor, a grantee and a thing granted. (*Duffield* v. *Duffield,* 268 Ill. 29.) A person cannot convey or deliver to himself that which he already possesses. (*Breitenbach* v. *Schoen,* 183 Wis. 589; *Cameron* v. *Steves,* 4 Allen, (N. B.) 141; Perkins on Conveyancing,—15th ed.—p. 42; 13 Cyc. 527.) He cannot by deed convey an estate to himself or take an estate from himself. (*Cameron* v. *Steves, supra.*) At common law, livery of seizin was necessary to pass the title to real property, and it was recognized that a person could not make livery of seizin to himself. (Perkins on Conveyancing,—15th ed.—p. 42.) By section 1 of the Conveyance act livery of seizin has been rendered unnecessary, but the muniment of title, namely, the deed, must still be delivered. Devlin on Real Estate and Deeds, (3d ed.) secs. 260*a,* 261.

An estate in joint tenancy can only be created by grant or purchase—that is, by the act of the parties. It cannot arise by descent or act of law. The properties of a joint estate are derived from its unity, which is fourfold: the unity of interest, the unity of title, the unity of time and the unity of possession; or, in other words, joint tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time and held by one and the same undivided possession. 1 Sharswood's Blackstone's Com. book 2, p. 180; Freeman on Cotenancy and Partition, (2d ed.) sec. 11; 1 Washburn on Real Prop. (6th ed.) sec. 855; 7 R. C. L. p. 811; *Gaunt* v. *Stevens,* 241 Ill. 542.

Ida Deslauriers was the sole owner of the half lot prior to the execution of the deed from herself and husband to themselves. She could not by that deed convey an interest in the property to herself. It is manifest from the deed that she did not intend to convey the whole and entire interest to her husband, for she retained an equal share or interest. Hence the interests of Ida Deslauriers and her husband were neither acquired by one and the same conveyance nor did they vest at one and the same time. Two of the essential properties of a joint estate—the unity of title and the unity of time—were therefore lacking. Where two or more persons acquire individual interests in a parcel of property by different conveyances and at different times there is neither unity of title nor unity of time, and in such a situation a tenancy in common, and not a joint tenancy, is created. *Breitenbach* v. *Schoen, supra; Green* v. *Cannady,* 77 S. C. 193; 7 R. C. L. p. 811.

Appellee denies that a tenancy in common was created because, he argues, the deed expressly stated that the conveyance was made to the grantees as joint tenants and not as tenants in common. It was clearly the intention of the grantors to convey an estate in joint tenancy. The intention of the parties to a deed will be given effect if it can be done consistently with the rules of law. (*Brenneman* v. *Dillon,* 296 Ill. 140; *Anderson* v. *Stewart,* 285 id. 6a5; *Green* v. *Cannady, supra.*) It was not for failure to ascertain the intention of the grantors that the grantees did not take title in joint tenancy, but because, under the law, a joint tenancy could not be created in the manner which was here attempted. The operation of a deed on the legal title is not controlled by the intention of the parties but is governed by law. (*Partridge* v. *Berliner,* 325 Ill. 253; *Green* v. *Cannady, supra.*) Ida Deslauriers failed to convey any interest to herself as a joint tenant, and for that reason she also failed to convey to her husband in joint tenancy. She could, however, convey, and did convey, to her

husband an undivided half interest in the property. The other half she retained, and upon her death intestate it descended to her heirs.

The decree of the circuit court is reversed and the cause is remanded to that court, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*