JEAN C. ROSENBAUM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rosenbaum v. Commissioner
Docket No. 8803-90
United States Tax Court
T.C. Memo 1992-287; 1992 Tax Ct. Memo LEXIS 307; 63 T.C.M. (CCH) 3033; May 18, 1992, Filed *307 Decision will be entered under Rule 155. Jean C. Rosenbaum, pro se. Donna Hansberry and Patricia L. Pierce, for respondent. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1986
$ 1,082
$ 39
[1]
1987
$ 1,394
$ 49
[1]
In her notice *308 of deficiency for tax year 1986, respondent determined that petitioner had received unreported income in the amount of $ 3,603.50 from Keystone Custodian Funds. In her amendment to answer, filed February 27, 1991, respondent determined that petitioner had received an additional $ 3,603.50 from the same source. Respondent consequently determined in her amendment to answer a $ 657 increase in the deficiency for tax year 1986 and a $ 48 increase in the addition to tax for negligence under section 6653(a)(1)(A), as well as 50 percent of the interest due on the additional underpayment of tax due to negligence under section 6653(a)(1)(B). After concessions, the issues for decision are (1) whether petitioner is required to report as income $ 7,207 in tax year 1986 and $ 5,444 in tax year 1987, representing 50 percent of the dividends on an investment in several Keystone Custodian Funds (the Keystone accounts) which she owned with her estranged husband, Kurt Rosenbaum, as joint tenants with rights of survivorship, (2) whether petitioner is liable for tax on $ 92 of interest credited to an account in American National Bank and Trust Company of Chicago (American National) from which she *309 testifies that she may not withdraw due to a court order, and (3) whether petitioner is liable for the additions to tax for negligence. The taxability of petitioner's Social Security benefits involves a mathematical computation and is not an issue to be decided by this Court. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Chicago, Illinois, when she filed her petition. Petitioner and her husband, Kurt Rosenbaum, were in the process of an acrimonious divorce during the years in question. Petitioner timely filed income tax returns for 1986 and 1987 claiming the status of married filing separately. Petitioner and Mr. Rosenbaum owned their interest in the Keystone accounts as joint tenants with rights of survivorship. The dividends on the Keystone accounts were $ 14,414 in 1986 and $ 10,888 in 1987. The dividends were automatically reinvested. Kurt Rosenbaum's Social Security number was the only one on the accounts, and he received the Forms 1099 and the account statements from Keystone. For 1986 and 1987, Kurt Rosenbaum's accountant furnished petitioner with Forms *310 1099 MISC, stating that an amount equal to 50 percent of the income from the accounts was received by Kurt Rosenbaum as nominee for Jean Rosenbaum. Kurt Rosenbaum requested petitioner to report 50 percent of the income from the Keystone accounts and supplied copies of the Keystone statements to petitioner. In 1990, the Keystone accounts were divided equally between petitioner and her husband pursuant to an order of the Cook County Court, Domestic Relations Branch. Respondent determined that petitioner failed to report her half of the dividends from the Keystone accounts. Respondent also determined that petitioner failed to report interest credited to her account in 1987 by American National. Petitioner argues that she is not taxable on the dividends from the Keystone accounts because her husband's Social Security number is the only number on the accounts; she argues she is not taxable on the interest income from American National because the account is under court control and she is not entitled to make withdrawals. Respondent's determinations in the notice of deficiency are presumed correct. Petitioner has the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). *311 However, respondent has the burden of proof concerning increases in the deficiencies asserted in her amendment to answer. Rule 142(a). Section 61 requires a taxpayer to include in gross income all income from whatever source derived. Taxation of the income from jointly held property is determined in accordance with the State law rule for deciding who is entitled to the income from the property. Bour v. Commissioner, 23 T.C. 237 (1954). In the State of Illinois, both the husband and the wife have an equal right to enjoy jointly held property, and neither is entitled to the enjoyment or the benefits of the entire jointly held property to the exclusion of the other. Deslauriers v. Senesac, 331 Ill. 437, 163 N.E. 327 (1928). Under such circumstances, since each spouse has an equal right to the income from the property, the usual rule is that one half of the income from the properties is properly taxable to each spouse. Finney v. Commissioner, T.C. Memo. 1976-329. Thus, each spouse is obligated to include in his or her gross income any amount which he or she received, whether actually or constructively, as *312 income from mutual fund shares and interest on bank deposits. Id.
Under the doctrine of constructive receipt, actual, physical receipt of cash is not necessary for income to be taxable: Constructive receipt of income. -- (a) General Rule. Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is credited to his account, set apart for him, or otherwise made available so that he may draw upon it at any time, or so that he could have drawn upon it during the taxable year if notice of intention to withdraw had been given. However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions. * * * [Sec. 1.451-2(a), Income Tax Regs.]
Thus, when income is credited to a taxpayer's account and is available so that the taxpayer may draw upon it, the taxpayer is taxable on the income constructively received. Petitioner was in constructive receipt of the income from the Keystone accounts. She was listed on the accounts as a joint tenant with rights of survivorship, and, under Illinois law, she had a right to half of the income. *313 The income was credited to her account and available to her. Kurt Rosenbaum requested her to report half of the income, furnished copies of the Keystone statements to her, and had his accountant send her Forms 1099 for her half of the income. Petitioner has not produced evidence that she was in any way barred from withdrawing her share of the income. Since she has not shown that there were substantial restrictions on her ability to withdraw the money, she constructively received it, even though she did not reduce it to possession. Petitioner relies on section 1.6042-2(a)(2), Income Tax Regs., in arguing that the dividend from the Keystone accounts is fully taxable to her husband because only his Social Security number appears on the accounts. The purpose of this regulation is to make provision for a situation where the dividend reporting requirements cause one person's identifying number to be on the account, but the income belongs to another person. This regulation provides that if one person (in this case the husband) was required to furnish his Social Security number to the payer and that Social Security number was included on the Form 1099, but the person (the husband) *314 is not the actual owner of the dividend, that person (the husband) shall be considered as a nominee in receiving the dividend for the actual owner (in this case petitioner): For purposes of this section, a person who receives a dividend shall be considered to have received it as a nominee if he is not the actual owner of such dividend and if he was required * * * to furnish his identifying number to the payer of the dividend * * * and such number was * * * required to be included on an information return filed by the payer with respect to the dividend. * * * [Sec. 1.6042-2(a)(2), Income Tax Regs.]
The same paragraph of the regulation goes on to provide that a person shall not be considered a nominee if the name of the owner of the dividend appears on the Form 1099. Thus, when stock is jointly held by husband and wife, the husband will not be considered as receiving the dividend as a nominee if his wife's name is on the Form 1099. Petitioner's name was not on the Form 1099, and consequently Kurt Rosenbaum was entitled to treat himself as nominee in receiving his wife's share of the income. In a situation like that of petitioner and Kurt Rosenbaum, the regulation provides *315 for the income to be taxed to its owner rather than to the person who receives the Form 1099, if that person is not the owner. Section 1.6042-2(a)(3), Income Tax Regs., distinguishes between the person whose name appears on the Form 1099, considered the person to whom the dividend is paid for purposes of the reporting requirements, and the person who actually owns it, "the person on whose behalf such dividend is received by the nominee". This regulation provides that the nominee is required to provide a Form 1099 to the "person on whose behalf such dividend is received by the nominee". Id. In compliance with this regulation, Kurt Rosenbaum's accountant furnished petitioner the Forms 1099, stating that Kurt Rosenbaum had received 50 percent of the Keystone dividends as nominee for his wife. We hold that petitioner should have included in her income in each year one half of the income from the Keystone accounts. We sustain respondent on this issue and find that she has met her burden of proof as to the increased deficiency. Respondent also determined that petitioner is taxable on interest in the amount of $ 92, which she received from American National in 1987. Petitioner *316 argues that she does not have access to this account, as it is under the authority of the Cook County Court. Under the doctrine of constructive receipt, if this account is "subject to substantial limitations or restrictions", then petitioner is not taxable on the income. Petitioner has not, however, carried her burden of proof on this issue, having produced no evidence, beyond her own opinion, of such restrictions. Consequently, we hold that petitioner is taxable on the $ 92 interest she received from American National. Respondent also determined that petitioner is liable for the additions to tax under section 6653(a)(1)(A) and (B) for negligence or intentional disregard of rules or regulations. Negligence under section 6653(a) means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). In a case in which an amount is shown on an information return, the underpayment *317 attributable to failure to report the income shall be treated as due to negligence in the absence of clear and convincing evidence to the contrary. Sec. 6653(g). In this case, petitioner knew that Kurt Rosenbaum was paying tax on only half of the income from the Keystone accounts and advised her to pay tax on the other half. His accountant furnished her with Forms 1099 stating that Kurt Rosenbaum received half of the Keystone income as nominee for petitioner. Under these circumstances, a reasonably prudent person would have made further inquiries to determine whether she was taxable on the income in question. For the same reason, petitioner was negligent in not making further inquiries to determine if she was taxable on the $ 92 which she received from American National. We hold that petitioner is liable for the additions to tax for negligence on the income from the Keystone accounts and American National. Respondent has met her burden of proof with regard to the increased additions to tax for 1986. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩