BASSLER and others, Appellants, vs. REWODLINSKI and another, Respondents.

*November 7—December 4, 1906.*

*Joint tenancy: Common-law rights on death of joint tenant: Surviv-orship: Tenancy in common: Devise by one joint tenant: Effect on right of survivorship: Abolition of joint tenancy by statute:: Husband and wife: Tenancy by entireties: Abolition by statute: Rights of wife in realty conveyed jointly to husband and wife..*

1. A joint tenancy by the common law is one where the interests are created by one and the same person and by one and the same conveyance and commence at one and the same time and are held by one and the same possession, and so have the four unities of interest, title, time, and possession.

2. A joint tenancy by the common law differs from others in that. if the four unities continue till the death of one of the parties,. the other or others immediately become the owners of such in-terest as joint tenants by right of survivorship.

3. Anything which destroys the unity of title or interest, as by alien-ation of one joint tenant, makes the owners of the several in-terests a tenant in common with the remaining joint tenant.

4. There can be no destruction of a joint tenancy by devise, since- the right of survivorship takes precedence thereof.

5. Joint tenancies, according to the common law, except as expressly declared, were abolished generally by sec. 2068, Stats. 1898, but an exception was made by sec. 2069 as to husband and wife.

6. At the common law, circumstances making a joint tenancy gen-erally, as to husband and wife, make them tenants by the en-tireties, differing from joint tenancies, in that there is no right of severance, terminating the right of survivorship.

7. The added element mentioned, creating tenancies by the entirety, has not existed in this state since the revision of the statutes- of 1878. Since that time such circumstances as by the common law would make husband and wife tenants by entireties, make- them joint tenants.

8. A married woman joint tenant is under all the disabilities of a joint tenant by the common law. She cannot under the statute, as regards her capacity to take, hold, enjoy, and convey property, devise her interest held as joint tenant. She has the same right as if she were unmarried, which would not include that of de-vising property held in joint tenancy.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Milwau-- kee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action to enforce alleged liens on real estate claimed to· have been created as indicated by the facts found by the trial court, which may be stated briefly thus: (1) Johanna Ertman died in 1899 leaving her surviving Paul Ertman, her husband, and the plaintiffs, sons by a former husband. (2) January 22, 1892, said Paul Ertman, who was the owner of the real estate in question, and the said Johanna, his wife, conveyed such property to Valentine Lukaszewski, who reconveyed the same to them as husband and wife, and they' owned and occupied it thereafter until the death of Johanna. (3) April 10, 1895, they duly mortgaged the property to· Henry Herman to secure indebtedness to him of $800, and on May 10, 1897, they mortgaged the same to him to secure a like indebtedness of $100. After the death of Johanna her husband mortgaged the property to said Herman for $900, to· take up the two prior mortgages. (4) Thereafter said Paul Ertman sold the said real estate and conveyed the same to the· defendants, who have since occupied it. (5) Johanna Ert-- man left a last will and testament, which was in due time duly admitted to probate, whereby she willed $200 to each of the plaintiffs to be paid out of her interest in said real es-- tate, and she willed the residue of such realty to her husband. (6) The will was admitted to probate November 8, 1899, by the county court of Milwaukee county, Robert E. Bailey be-- ing appointed executor. (7) Said Johanna left no personal property and no real estate, except that in question. (8) July 7, 1903, the said county court, in due form, assigned said realty to Paul Ertman without prejudice to any conveyance made by him, subject to the payment of $200 to each of the plaintiffs, and $45.15 to the executor, which were declared to· be liens upon the property. On these findings the court concluded as matter of law that at the time of the death of Johanna Ertman she and her husband were joint tenants of the·

realty and thereupon that the latter took the whole by right of survivorship free from anything contained in the former's will, and that the defendants, as owners under Paul Ertman, were entitled to judgment dismissing the complaint with costs. Judgment was rendered accordingly, from which this appeal was taken.

For the appellants the cause was submitted on the brief of J. E. Wildish, and for the respondents on that of Roemer & Aarons.

MARSHALL, J.    This case turns upon whether a joint tenancy in lands of husband and wife has the same characteristics as to survivorship under our statutes as between others at common law.    It is conceded that the circumstances detailed in the findings satisfy all the essentials of a joint tenancy at common law in cases other than those of husband and wife. The interests were created by one and the same purchase and by one and the same conveyance; they commenced at one and the same time and were held by one and the same possession. Thus we have the four unities: unity of interest, unity of title, unity of time, and unity of possession.

The special significant incident of joint tenancy is the right of survivorship, by which on the death of any tenant his interest goes to his survivors.    Anything which destroys the unity of title or interest without affecting the unity of possession will turn the interest severed from the others into a tenancy in common as regards the remaining joint tenants.    2 Bl. Comm. 192; 1 Washb. Real Prop. (6th ed.) § 864.    The most familiar method of so severing the interest of one joint tenant from the interests of others is by alienation.    As such severance to be effective is required to occur during the lifetime of the joint tenant, a devise by such a tenant is inoperative.    The rule on that subject is thus stated at sec. 865 in Washburn on Real Property:

"A devise by one joint tenant of his share will be inoperative, inasmuch as the right of survivorship takes precedence

of such devise. And so far does this principle prevail, that if such devisor be himself the survivor, he must republish his will after the survivorship has accrued, in order to give it effect."

Sec. 2068, Stats. 1898, which originated before the conveyance in question, abolishes joint tenancies, except where the tenancy is expressly declared to be in joint tenancy, but by sec. 2069 grants to husband and wife are excepted. So circumstances that would create a joint tenancy generally at common law will create one between husband and wife under the Statutes, unless there be some other statute than those referred to to the contrary. In case of husband and wife circumstances that would as between other parties create a joint tenancy only, would as to them add another element in the absence of any statutory regulation making them tenants by the entireties, as to which there could be no severance by partition or alienation. 17 Am. & Eng. Ency. of Law (2d ed.) 652. That feature has not existed here since the Revision of 1878. Circumstances which prior thereto made the husband and wife tenants by entireties subsequently have made them joint tenants with the common-law characteristics thereof. That is clearly the effect of *Citizens' L. & T. Co. v. Witte,* 116 Wis. 60, 92 N. W. 443, and *Wallace v. St. John,* 119 Wis. 585, 97 N. W. 197. The subject was in the latter case treated at length by the present chief justice. Nothing can be gained by going over the same anew. Citing from the earlier case with approval, the court said:

"Both sections as so amended [referring to sec. 2340 and sec. 2342], as well as the revisers in their notes, treat the estate created by deed running to husband and wife, as in the case at bar, as an estate 'held in joint tenancy,' instead of being held as tenants of the entirety, as at common law. . . . Manifestly, the revisers intended by the amendments to cover cases of tenants of the entirety held by husband and wife, especially as in one section the words 'held in joint tenancy' follow the words 'the real estate of every description,' and in the other section follow the words 'any interest or estate therein

·of any description,' and in both sections they are followed by the words 'and the rents, issues, and profits thereof,' or their ·equivalent. Unless that is so, the new provisions inserted·in the sections are without significance."

'Counsel for appellants earnestly contend that sec. 2342ᵣ aforesaid abolishing the disabilities of married women as to the acquirement and enjoyment of property, inferentially at least, clothes such a woman, who is a joint tenant of property with her husband, with the capacity to pass her interest in such property by devise. These words are referred to:

"Any married female may . . . convey and devise real and personal property and any interest or estate therein of any description, including all held in joint tenancy with her husband, . . . with like effect as if she were unmarried."

It is urged that nothing contained in *Wallace v. St. John,* ·*supra,* is inconsistent with the claim that such statute permits a joint tenancy between husband and wife to be severed by a devise by the wife, since the case only dealt with severance by alienation. The conclusive answer to that seems to be that in both of the cases cited the court held that since the Revision of 1878 a conveyance of land to husband and wife, instead of creating estates by the entireties, creates. a joint tenancy with all the common-law characteristics thereof. The language of sec. 2342, as suggested by counsel for respondents, gives to a married woman joint tenant the same rights in the property as she would possess if she were unmarried, but as in·the latter case she cannot defeat the right of survivorship by devising the property, she cannot in the former.

So the learned trial court reached the right conclusion. Johanna Ertman being a joint tenant of the property with her husband, she was under a disability, the same as he was, to pass her interest or to in any way incumber it by will. Her attempt to do so did not affect his right of survivorship. Upon her death he became the absolute owner of the whole property, and the respondents as his grantees succeeded to such ownership.

*By the Court.*—Judgment is affirmed.