ESTATE OF GABLER: PETRUS, Appellant, vs. LUCAS and others, Defendants: GABLER and another, Executors, Respondents.*

*October 7—November 3, 1953.*

---

* Motion for rehearing denied, with $25 costs, on December 30, 1953.

128

For the appellant there was a 'brief and oral argument by *John R. Petrus* of Highland.

For the respondents there was a brief and oral argument by *Harry A. Speich* of Mineral Point.

FAIRCHILD, J.   We are not presently to decide whether the wills of Sophia Gabler and William F. Gabler limit Arthur Gabler to a single bequest of $2,100. The provisions or agreement in the respective wills were in consideration of the promises of the one to the other. The promises were con-

current. The questions arising out of those circumstances must be resolved in the light and information that guided the makers of each will. Under the facts submitted on this appeal, we find the only issue is as to the existence of joint ownership or joint tenancy in the postal certificates and in the certificates of the Iowa County Livestock Marketing Co-operative issued to Sophia Gabler.

There is no doubt that both Mr. Gabler and Mrs. Gabler intended all their property to be held by them as joint owners or joint tenants. Their bank account was held in joint tenancy, but a severance of the tenancy became effective at the time the funds withdrawn were invested in postal savings certificates and preferred stock certificates of the Iowa County Livestock Marketing Co-operative in their individual names, as described in the statement of facts; and notwithstanding their declared intention to have the joint tenancy continue, they never took the necessary steps to re-establish such status.

At common law, in order to create a joint tenancy in property, it is necessary to have the four unities present, viz., (1) that the interest be created by one and the same person, (2) that the interest be created by one and the same conveyance, (3) that the interest be created at one and the same time, and (4) that the possession be one and the same. *Bassler v. Rewodlinski* (1906), 130 Wis. 26, 109 N. W. 1032, 7 L. R. A. (N. S.) 701. However, at common law it is possible to have a joint tenancy in personal property as well as in reality. *Dupont v. Jonet* (1917), 165 Wis. 554, 162 N. W. 664. Furthermore, a joint tenancy in personal property may be created orally as well as by written instrument. 48 C. J. S., Joint Tenancy, p. 914, sec. 3; *Peterson v. Lake City Bank & Trust Co.* (1930), 181 Minn. 128, 231 N. W. 794.

In the instant case there is no question but that the postal savings certificates and certificates of preferred stock in the Iowa County Livestock Marketing Co-operative, at the time

they were issued in the name of Sophia Gabler individually, constituted her separate property and not property owned jointly with her husband. Under the rules applicable to the creation of joint property at common law she could not thereafter by direct act of transfer to her husband create a joint tenancy in said certificates, because her husband would have acquired his interest therein at a different time from that in which she had acquired her interest, and the joint tenancy would not have been created by the same instrument or transaction, and the two parties would have acquired their titles from different persons or parties. However, sec. 230.45, Stats., has changed the rules of common law with respect to creation of joint tenancies between husband and wife. Sub. (2) of said statute provides as follows:

"*Any deed, transfer, or assignment of real or personal property* from husband to wife or from wife to husband which conveys an interest in the grantor's lands or personal property and by its terms evinces an intent on the part of the grantor to create a joint tenancy between grantor and grantee shall be held and construed to create such joint tenancy, and any husband and wife who are grantor and grantee in *any such deed, transfer, or assignment* heretofore given shall hold the property described in such deed, transfer, or assignment as joint tenants." (Italics supplied.)

The respondents contend that the provisions of the will of Sophia Gabler, deceased, did create or establish a joint tenancy in said certificate between her and her husband. However, such will does not constitute a *"deed, transfer, or assignment"* within the meaning of the statute. The will does disclose that Sophia Gabler mistakenly thought that she owned all her property in joint tenancy with her husband, but such mistaken understanding or intention is not sufficient in itself to create a joint tenancy.

*By the Court.*—Judgment reversed, cause remanded for further proceedings consistent with this opinion.

The following memorandum was filed December 30, 1953:

FAIRCHILD, J. (*on motion for rehearing*). Counsel for the respondent executors in support of their motion for rehearing complain that our original opinion herein does not dispose of the issues raised as to the construction of the will of testatrix. By our determination that there was no joint tenancy in the postal savings certificates and preferred stock certificates of the Iowa County Livestock Marketing Co-operative issued in the name of testatrix, it necessarily follows that such assets are to be assigned by the county court in accordance with the provisions of the will of testatrix independently of the will of her husband, William F. Gabler.

Any question as to whether the $2,100 legacy of the son, Arthur F. Gabler, is to be paid twice or only once under both wills will not arise in this estate, which concerns only the will of testatrix, but such question may properly be raised for determination in the estate of William F. Gabler, which latter estate is not now before this court.

*By the Court.*—Motion for rehearing denied with costs.