NICHOLS (LOUISE), Administratrix of the Estate of JESSE F. NICHOLS, Appellant, v. NICHOLS (URSULA), Respondent.

*No. 317.   Argued June 3, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 876.)

348

For the appellant there was a brief and oral argument by *Charles Saggio* of Milwaukee.

For the respondent there was a brief and oral argument by *James Wilbershide* of Racine.

BEILFUSS, J. The principal contention is that the divorce decree, by giving each joint tenant a right to sell, severed the joint tenancy in the real estate.

The argument is seemingly made that neither the husband nor the wife, as joint tenants of real estate, has the power to sell and that a divorce severs the tenancy. This may well have been the effect of a divorce upon a tenancy by entirety, but this court has clearly held that by the enactment of the married women property rights statute (now ch. 246, Stats.) tenancy by the entirety was abolished,[2] and that husband and wife held the property as joint tenants assuming, of course, that elements of a joint tenancy existed.

Joint tenants do have the right to sell their shares or seek and obtain partition. The sale or partition severs the joint tenancy and creates a tenancy in common.[3] There undoubtedly is a restraint upon either spouse in selling homestead property without the consent of the other[4] but that problem is not at issue herein.

In the case at hand, after the effective date of the divorce decree and excepting the two-year limitation in the judgment, either party would have had the right to sell or convey his or her share. Such a sale would have

---

[2] *Wallace v. St. John* (1903), 119 Wis. 585, 97 N. W. 197.

[3] *Bassler v. Rewodlinski* (1906), 130 Wis. 26, 109 N. W. 1032; *Siegel v. Clemons* (1954), 266 Wis. 369, 63 N. W. 2d 725; *Jezo v. Jezo* (1964), 23 Wis. 2d 399, 127 N. W. 2d 246, 129 N. W. 2d 195.

[4] *See* sec. 235.01, Stats.

severed the joint tenancy and created a tenancy in common. The fact is, however, that neither party did sell or otherwise convey his or her interest prior to the death of the husband, Jesse. The unexercised power to sell or convey a joint tenancy interest does not sever the joint tenancy; a consummated sale or conveyance does.

A more troublesome problem arises by the fact that the divorce judgment gave the right of possession ("control") of the real estate to the wife and as a practical matter excluded the husband from joint or equal rights of possession.

At common law, in order to create a joint tenancy, four unities were necessary: (1) That the interest be created by one and the same person, (2) that the interest be created by one and the same conveyance, (3) that the interest be created at one and the same time, and (4) the possession be one and the same.[5] The legislature by statutory enactment [6] has eliminated at least some of the unities as a prerequisite to the creation of a joint tenancy. We are not so much concerned with the creation of the joint tenancy—that is conceded—but with the unity of possession insofar as it affects a severance.

It certainly can be said that unity of possession is a common attribute of joint tenancy. However, in many joint tenancies, such as between a brother and sister, parent and child, and even strangers, possession is not in fact equal but still the joint tenancy is recognized. Likewise in the sale of jointly owned real estate by contract by both parties, neither party has possession of the real estate but their interest is recognized as jointly held.

In 48 C. J. S., *Joint Tenancy,* pp. 930, 931, sec. 7, it is stated:

---

[5] *Bassler v. Rewodlinski, supra; Estate of Gabler* (1953), 265 Wis. 126, 60 N. W. 2d 720, 61 N. W. 2d 823; *Zander v. Holly* (1957), 1 Wis. 2d 300, 84 N. W. 2d 87.

[6] Sec. 230.45, Stats.

"The possession of joint tenants is in common and each has a right to the enjoyment of the whole property to the extent of his interest, and a court of equity cannot restrain one joint tenant from entering on the land at the suit of a cotenant. If only one of them is in the occupancy of the property, he must be considered as possessing, not only for himself, but also for his cotenants, although there is no contract between them; and, although it is competent for the joint tenants to make a subdivision of time for the exclusive occupancy of the whole of the joint property, in the absence of such agreement, one joint tenant cannot hold exclusive possession of the premises against his cotenant."

It also can be said that one of the most important incidents of joint tenancy is the right of survivorship and it is probably the greatest motivating factor in creating a joint tenancy.

In this case, it is clear that the parties wanted to retain their respective rights of survivorship by virtue of the fact that they stipulated the property should remain in joint tenancy. As a part of that stipulation it was agreed the wife should have possession. The wife was granted the custody of the children. It was entirely practical and reasonable that she have possession of the home as a place to rear the children. This was to the advantage of the husband as well as the wife.

The following citations give support to our opinion that a divorce decree directing that the parties continue to hold real estate as joint tenants with the right of possession given to one does not in itself sever the joint tenancy.

"It would seem that divorce should not affect title to property held in joint tenancy, as this form of ownership exists apart from the marital relationship and is not dependent upon it for its creation and existence, as any persons may own property in that way. However, where one spouse has been guilty of misconduct this may be cause for separating the property ownership." 2A Nelson, Divorce, *Joint Tenants*, p. 262, sec. 19.15.

"The cases show that joint tenants may contract with each other for the management of the joint premises, or for the enjoyment of the sole possession or income or use thereof, by one or some of them, for a specified period or during their lives or the life of one of them, without thereby terminating the joint tenancy.

"A contract between joint tenants to the effect that one of them shall have the exclusive possession of the property does not necessarily terminate the tenancy." Annot. 64 A. L. R. 2d 947.

"Agreements between joint tenants with respect to the possession of the land should not be held to be inconsistent with the survivorship right." Swenson & Degnan, *Severance of Joint Tenancies*, 38 Minn. L. Rev. (1954), 466, 473.

"If a husband and wife are joint tenants, a divorce does not sever a joint tenancy because, unlike the tenancy by entireties, it does not depend upon the continuation of the marriage." Swenson & Degnan, *Severance of Joint Tenancies*, 38 Minn. L. Rev. (1954), 466, 487.

We conclude that joint tenancy between Jesse and Ursula Nichols was not severed and Ursula acquired the complete title to the land in question by right of survivorship.

*By the Court.*—Judgment affirmed.