James M. ELFELT, Joseph P. Elfelt, Anthony J. Elfelt, Lawrence W. Elfelt, Paul G. Elfelt, David C. Elfelt and Steven M. Elfelt, Plaintiffs-Respondents-Cross Appellants,

v.

Albina COOPER, Defendant-Appellant-Cross Respondent,†

Dale T. COOPER, Defendant.

Court of Appeals

*No. 90-1326. Submitted on briefs March 15, 1991.—Decided May 29, 1991.*

(Also reported in 471 N.W.2d 303.)

†Petition to review granted.

486

On behalf of defendant-appellant-cross respondent, the cause was submitted on the briefs of *William A. Pangman* of *William A. Pangman & Associates, S.C.* of Waukesha.

On behalf of the plaintiffs-respondents-cross appellants, the cause was submitted on the briefs of *Richard R. Kobriger* and *Kay E. Felker* of *Cramer, Multhauf & Hammes* of Waukesha.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J. Albina Cooper appeals from a judgment declaring the respondents (the Elfelts) owners of an undivided one-half interest in Albina's home, ordering a partition of the property and determining rent due from Albina to the Elfelts. The Elfelts acquired their interest after the Internal Revenue Service (IRS) levied upon and sold Dale Cooper's equal interest in the home to satisfy his income tax arrears. The Elfelts cross-appeal and argue that Albina brought frivolous claims and defenses and refused to admit facts later proven at trial. The Elfelts also argue that Albina's appeal is frivolous. The Elfelts request attorney's fees for each of their claims. We hold that the Elfelts may receive rent and partition, and that Albina's claims, defenses and appeal were not frivolous. However, we remand for the trial court to make the necessary factual findings to determine whether it was reasonable for Albina to refuse to admit facts later proven at trial, and to determine the amount of rent due.

Dale Cooper and his wife, Albina, owned their homestead as joint tenants. Dale was delinquent in his income taxes, but Albina was not liable for any delinquent income taxes. In 1985, the IRS placed a levy on

Dale's interest in the property pursuant to 26 U.S.C. (I.R.C.) sec. 6331. After the period of redemption expired, the IRS sold Dale's interest to John and Stacy Elfelt by a quitclaim deed. They subsequently granted a quitclaim deed to their children. The children (the Elfelts) brought an action against Albina for rent and to partition the property. Dale died just before trial.

The issue at trial was whether the IRS complied with the statutory requirements in selling Dale's property interest. The jury found that the IRS did comply with the legal requirements. Therefore, the Elfelts had title, and the trial court granted the Elfelts' request for rent and partition.

Albina appeals and argues that because the IRS lacked the legal authority to sell Dale's interest in their homestead, the Elfelts do not have good title and they cannot receive rent or partition.[1] The Elfelts cross-appeal and claim that Albina made frivolous claims and defenses and they request attorney's fees. The Elfelts also claim that because Albina refused to admit facts later proven at trial, they should receive attorney's fees for proving those facts.

## APPEAL

■The first issue is whether I.R.C. sec. 6331 gave the IRS the legal authority to levy and sell Dale's equal interest in the homestead held in joint tenancy.[2] The

---

[1]State courts have the power to decide questions in a quiet title action although the conveyance was governed by federal law and was an exercise of federal power. *Popp v. Eberlein*, 409 F.2d 309, 311 (7th Cir.), *cert. denied*, 396 U.S. 909 (1969).

[2]I.R.C. sec. 6331 provides in relevant part:

(a) **Authority of Secretary.**—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and

jury's factual findings are not disputed on appeal. The application of a statute to an undisputed set of facts presents a question of law which this court reviews without deference to the trial court. *Park Bank-West v. Mueller,* 151 Wis. 2d 476, 482, 444 N.W.2d 754, 757 (Ct. App. 1989).

The IRS code provides that if any person does not pay income tax, a lien shall attach on "all property and rights to property" belonging to the person. I.R.C. sec. 6331(a). The language "all property and rights to property" is broad and reveals that Congress meant to reach every interest in property that a taxpayer may have. *United States v. National Bank of Commerce,* 472 U.S. 713, 719–20 (1985). Because a lien is not self-executing, affirmative action by the IRS is required. *Id.* at 720. There are two tools for collection: a lien-foreclosure suit pursuant to I.R.C. sec. 7403 and a collection of unpaid tax by administrative levy, including the power to seize and sell, pursuant to I.R.C. sec. 6331.[3] *National Bank,*

demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax . . ..

**(b) Seizure and sale of property.**—The term "levy" as used in this title includes the power of distraint and seizure by any means . . ... In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

[3]Section 71.91(6), Stats., is an administrative levy provision similar to I.R.C. sec. 6331. In Wisconsin, the state may collect tax arrears by levying and selling "any property belonging to that person." Section 71.91(6)(b). The levying power in Wisconsin is broader than the IRS because in Wisconsin "[no] property of any person is exempt from levy and sale . . .." Section 71.91(6)(f)6. By contrast, the IRS code provides exemptions to the administra-

472 U.S. at 720.

*National Bank* sets forth the appropriate analysis.[4] " '[O]nce it has been determined that state law creates sufficient interests in the [taxpayer] to satisfy the requirements of [the statute], state law is inoperative,' and the tax consequences thenceforth are dictated by federal law." *Id.* at 722, *quoting United States v. Bess,* 357 U.S. 51, 56–57 (1958). Furthermore, "[s]tate law define[s] the nature of the taxpayer's interest in the property, but the state-law consequences of that definition are of no concern to the operation of the federal tax law." *National Bank,* 472 U.S. at 723. Because the tax consequences attach to "property" or "rights to property," the threshold question is whether Dale had "property" or "rights to property" under Wisconsin law.

Dale and Albina owned their homestead as joint tenants. Each of two or more joint tenants has an equal interest in the whole property for the duration of the tenancy. Section 700.17(2)(a), Stats. Joint tenants have

---

tive levy and sale. I.R.C. sec. 6334. A recent amendment to the IRS code exempts a taxpayer's principal residence from levies with a few exceptions. Technical and Miscellaneous Revenue Act of 1988, Pub. L. No. 100-647, sec. 6236(c)(4)(A), 102 Stat. 3342, 3739. The amendment does not apply to levies before July 1, 1989. *Id.* at sec. 6236(h)(1), 102 Stat. at 3740-41.

[4]In footnote 10 of *United States v. National Bank of Commerce,* 472 U.S. 713, 726 (1985), the Court limited its holding to property interests of joint bank accounts. The Court concluded that a codepositor has a state property interest which could be attached by an administrative levy because the codepositor has a right to withdraw funds. *Id.* at 724. The Court did not decide if other state-created property interests were subject to an administrative levy. We find the general analysis persuasive as applied to interest in real property and we will rely on *National Bank* for the analysis and application of the IRS code.

the right to sell their shares or seek and obtain partition. *Nichols v. Nichols,* 43 Wis. 2d 346, 349, 168 N.W.2d 876, 878 (1969); *see also* sec. 842.02, Stats. A joint tenant, absent some prohibition of a specific nature, always has the power to sell his or her interest. *Lutzke v. Lutzke,* 122 Wis. 2d 24, 32, 361 N.W.2d 640, 644 (1985). Therefore, Dale's equal interest in their home was a "right to property" under Wisconsin law, and the federal tax consequences of I.R.C. sec. 6331 apply. Because homestead and joint tenancy property were not listed as a type of property exempted from federal seizure in I.R.C. sec. 6334, the federal tax consequences included seizing and selling Dale's right to the property. *See* I.R.C. sec. 6331(b); *see also* footnote 3, *supra.*

The restrictions accompanying homesteads and joint tenancies are state law consequences of the rights to the property. For example, a state law consequence of a property interest existing as a homestead is that a conveyance must contain both spouses' signatures. Section 706.02(1)(f), Stats. A state law consequence, such as the signature requirement, is inoperative and does not prevent the levy and sale of Dale's right to the property. *See National Bank,* 472 U.S. at 722. Furthermore, it has been held that state homestead exemptions do not prevent the IRS from levying Dale's right to the property. *See United States v. Hoffman,* 643 F. Supp. 346, 349 (E.D. Wis. 1986).

In *State Bank of Drummond v. Christophersen,* 93 Wis. 2d 148, 157, 286 N.W.2d 547, 552 (1980), the Wisconsin Supreme Court held that a transaction is void if a joint tenant of a homestead attempts to convey the other joint tenant's interest without the signature of the other joint tenant. *Drummond* does not prevent the convey-

ance in this case because the I.R.S. levied and sold Dale's property interest, and not Albina's property interest.

Albina argues that the IRS was without legal authority to seize and sell Dale's property interest in their homestead. She relies on language in *National Bank* which explicitly states that I.R.C. sec. 6331 is a provisional remedy which allows the IRS to levy on the property immediately and leave ownership disputes to be resolved in post-seizure administrative or judicial proceedings. *National Bank,* 472 U.S. at 728–31. She argues that because administrative proceedings were absent, the IRS had no authority to sell the property.

The language Albina relies upon is in the Supreme Court's discussion of the rights of third parties and whether or not the third parties' rights must be protected before the property is seized pursuant to I.R.C. sec. 6331. *See id.* We conclude that the Supreme Court's language does not limit the IRS's authority to sell the property after seizure pursuant to I.R.C. sec. 6331. The Supreme Court recognized that, although third parties' interests may be indirectly implicated in I.R.C. sec. 6331 actions, third parties' interests do not prevent the IRS from acting under I.R.C. sec. 6331. *See National Bank,* 472 U.S. at 728–31. The Court pointed out that I.R.C. sec. 7403 is the tool which can adjudicate all interested parties' rights in one proceeding. *See National Bank,* 472 U.S. at 720. In contrast, I.R.C. sec. 6331 is intended to reach only one party's interest. *See United States v. Rodgers,* 461 U.S. 677, 696 (1983). In such cases, I.R.C. sec. 6331 is an appropriate tool to collect delinquent taxes. *National Bank,* 472 U.S. at 728–31. Here, the IRS levied and sold only Dale's right to the property. Thus, I.R.C. sec. 6331 was the appropriate tool authorized by Congress to seize and sell Dale's rights to the property.

Although the Court stated that I.R.C. sec. 6331 is provisional, it is provisional only because third parties' rights are not resolved. The fact that the code section is provisional does not prevent the IRS from doing what I.R.C. sec. 6331 specifically allows: seizing and selling the property. Neither the Supreme Court nor the code requires that an adjudication of third parties' interests occur before the explicit statutory authority to sell the property is invoked.

In the case where third parties' interests are inadvertently impaired and the IRS has chosen to proceed under I.R.C. sec. 6331, Congress provided a means to adjudicate those rights pursuant to I.R.C. secs. 6343(b) or 7426. These statutory remedies for third parties contemplate the sale of property before the rights are determined. *See* I.R.C. secs. 6343(b) and 7426. Thus, the burden was on Albina to invoke the appropriate statutory procedures to protect whatever interest was affected by the levy and sale.[5]

The practical effect of Albina's argument is to require the IRS to proceed under I.R.C. sec. 7403, which provides for notice to and joinder of all parties, whenever third parties have an interest in the levied property. The Court in *National Bank* rejected this interpretation of the IRS Code. *National Bank,* 472 U.S. at 732–33.

Albina's second argument is that, although the constitutionality of I.R.C. sec. 6331 has been repeatedly

---

[5]The dissent in *National Bank* points out that the only recourse for a third party claiming an interest in property levied upon pursuant to I.R.C. sec. 6331 is through I.R.C. secs. 6343(b) or 7426. The statute of limitations for such actions is only nine months. *See National Bank,* 472 U.S. at 736 (Powell, J., *dissenting).*

upheld, it is nevertheless *per se* unconstitutional as applied to the facts of this case. She relies on *Mennonite Board of Missions v. Adams,* 462 U.S. 791 (1983), which holds that because a mortgagee has a legally protected property interest, he or she is therefore entitled, under the due process clause, to personal or mailed notice of a tax sale of the property. *Id.* at 798. Albina argues that her equal interest is analogous to a mortgagee's interest, and therefore because the Elfelts never proved she received notice, the sale is *per se* unconstitutional.

Albina's constitutional argument must fail. In *Mennonite,* the tax sale altered the lien priorities and drastically diminished the value of the mortgagee's security interest. *Id.* The tax sale had the potential to nullify the mortgagee's interest. *Id.* Here, Albina does not have a lien on Dale's interest and her equal interest was not sold or diminished in value. She has the same interest after the sale that she did before the sale. Furthermore, in an I.R.C. sec. 7403 action in which a homestead was levied and sold, the Supreme Court stated that "if sec. 7403 allowed for the gratuitous confiscation of one person's property interests in order to satisfy another person's tax indebtedness, such a provision might pose significant difficulties under the Due Process Clause of the Fifth Amendment." *Rodgers,* 461 U.S. at 697. Here only Dale's interest was sold. Albina's interest was not confiscated to satisfy Dale's indebtedness. Thus, the IRS actions are not *per se* unconstitutional.

Albina's final argument is that a homestead is indivisible because the homestead cannot be conveyed without the consent of both parties. Thus, Albina reasons that I.R.C. sec. 6335(c) mandates that the entire indivis-

ible property be sold.[6]

A homestead can be divided. *See* sec. 706.02(1)(f), Stats. However, state law requires that a conveyance alienating any interest a married person may have in a homestead must be signed by both parties. *Id.* This limitation is a state law consequence of a property interest and it becomes inoperative to prevent an administrative levy. *See National Bank,* 472 U.S. at 722.

Thus, the IRS's actions are authorized by federal law. Because the jury found that the IRS complied with the statutory requirements of the seizure and sale, and this finding is not challenged on appeal, the Elfelts acquired title to one-half interest in the property. The sale severs the joint tenancy and creates a tenancy in common. *Nichols,* 43 Wis. 2d at 349, 168 N.W.2d at 878. Tenants in common can sue for rent and partition. *See* secs. 700.23(3)(a) and 842.02, Stats.

The second issue is whether Albina's appeal is frivolous under Rule 809.25(3)(c), Stats. There are no cases directly on point. The special status that homesteads and joint tenancies receive by law support a good faith argument that homesteads and joint tenancies are to be treated differently under the federal tax law. We are unable to conclude that the legal issues in this appeal lacked any reasonable basis in law and equity or that it could not be supported by a good faith argument for an

---

[6]I.R.C. sec. 6335(c) states:

**Sale of Indivisible Property.**—If any property liable to levy is not divisible, so as to enable the Secretary by sale or a part thereof to raise the whole amount of the tax and expenses, the whole of such property shall be sold.

Wisconsin has an identical provision. *See* sec. 71.91(6)(f)3, Stats.

extension, modification or reversal of existing law. Thus, the appeal was not frivolous. *See* Rule 809.25(3).

In summary, in Albina's appeal, we affirm that portion of the judgment which ordered a partition of the property. We also affirm the finding that the Elfelts were entitled to rent from Albina. Finally, we conclude that Albina's appeal was not frivolous.

## CROSS-APPEAL[7]

The first issue is whether the Elfelts are entitled to attorney's fees under sec. 804.12, Stats., incurred in proving facts Albina failed to admit. Section 804.12(3) provides that if a party fails to admit the truth of any matter under sec. 804.11, Stats., and if the party requesting the admissions thereafter proves the truth of the matter, the requesting party may receive reasonable expenses incurred in making the proof, including reasonable attorney's fees. The only exception relevant to this case is where the party failing to admit had reasonable grounds to believe that he or she might prevail. Section 804.12(3).

The imposition of sanctions pursuant to sec. 804.12, Stats., is discretionary with the trial court. *See Odegard v. Birkeland,* 85 Wis. 2d 126, 146–47, 270 N.W.2d 386, 396 (1978). The trial court summarily denied the Elfelts' request for attorney's fees and did not make any factual

---

[7]The Elfelts argue that the trial court erred in determining the amount of rent Albina owed to the Elfelts. The trial court determined that the rent began accruing from the date of the jury verdict. The Elfelts argue that the amount should begin accruing on the date of the demand for rent. Albina agrees. *See* sec. 700.23(3)(a), Stats. Based upon Albina's confession of error and the statute, we reverse the trial court's determination that rent should begin accruing from the date of the jury verdict.

findings. The trial court did not address whether there were any reasonable grounds to deny the requests for admission. It is well established that a decision which requires the exercise of discretion and which on its face demonstrates no consideration of any of the factors on which the decision should be properly based constitutes an abuse of discretion as a matter of law. *Schmid v. Olsen,* 111 Wis. 2d 228, 237, 330 N.W.2d 547, 552 (1983). However, if the reviewing court can conclude *ab initio* that there are facts of record which would support the trial court's decision had discretion been exercised on those facts, reversal is not automatic. *Id.*

After the Elfelts' motion for summary judgment was denied, the Elfelts requested that Albina admit that the IRS's actions were in "accordance with the laws of the United States." Albina denied the request. The jury subsequently found that the IRS complied with the legal requirements in selling Dale's rights to the property to the Elfelts.

The Elfelts argue that Albina's refusal to admit the facts was unreasonable based on two I.R.C. sections: (1) I.R.C. sec. 6339(b)(1), providing that the deed of the sale is *prima facie* evidence of the facts stated therein; and (2) I.R.C. sec. 6340(b), providing that the "Record of Seizure and Sale of Real Estate" is *prima facie* evidence of the facts therein. The seizure and sale of Dale's interest involved a deed and a "Record of Seizure and Sale of Real Estate." These documents state that the assessment against Dale was proper and that the statutory requirements in seizing and selling the interest were followed. The Elfelts argue that Albina's denial was unreasonable because Albina denied those facts despite the *prima facie* evidence of those documents' truth and because she failed to introduce any evidence disputing the facts stated in those documents.

We cannot conclude *ab initio* that the facts of record support the trial court's denial of attorney's fees and that Albina's denial was reasonable. Both parties argue over who had those documents and why there was a delay in getting them from the IRS. Albina argues that she did not have the proper documents necessary to make the admissions at the time of the request, but received them on the eve of the trial. The Elfelts claim that Albina knew of the quitclaim deed and the "Record of Seizure and Sale of Real Estate." Based on this unresolved record, we cannot conclude whether there were reasonable grounds to deny the requests for admission. Therefore, we remand for the trial court to make the necessary determinations.

The second issue is whether the trial court erred in denying the Elfelts' attorney's fees under sec. 814.025, Stats., on the grounds that Albina's claims and defenses were frivolous.

Section 814.025(3), Stats., provides that in order to find a proceeding frivolous, the trial court must find that the attorney knew, or should have known, that the action was without any reasonable basis in law and could not be supported by a good faith argument for an extension, modification or reversal of existing law. Whether the attorney knew or should have known that the claim was without reasonable basis in law presents a mixed question of law and fact. *Stoll v. Adriansen,* 122 Wis. 2d 503, 513, 362 N.W.2d 182, 187 (Ct. App. 1984). A determination of what a reasonable attorney would or should have known with regard to the facts requires the trial court to determine what those facts were. *Id.* at 513, 362 N.W.2d at 187–88. However, the legal significance of those findings presents a question of law. *Id.* at 513, 362

N.W.2d at 188. We decide questions of law without deference to the trial court. *Id.* at 514, 362 N.W.2d at 188.

If the record is sufficient, we can decide as a matter of law whether a reasonable attorney should have known whether the action was without a proper basis in law. *See Richland County v. DHSS,* 146 Wis. 2d 271, 275, 430 N.W.2d 374, 376 (Ct. App. 1988). Here, the record is sufficient for us to determine as a matter of law because Albina argued throughout the proceedings that the IRS was without legal authority to seize and sell Dale's equal interest in a homestead held in joint tenancy. This is a question of law and does not require that the trial court make factual findings.

The Elfelts argue that Albina ignored the plain meaning of I.R.C. secs. 6321 through 6340 which permit the IRS to sell property and interests in property through administrative procedures. However, this is a unique case because the facts involve joint tenancy, homestead and administrative levy and because there are no reported cases directly on this issue. The test is not whether a party can prevail but whether the party's position is so indefensible that it is frivolous and the party or its attorney should have known it. *Stoll,* 122 Wis. 2d at 517, 362 N.W.2d at 189. There are no cases which explicitly reject Albina's arguments. Although the language of the IRS code is broad, it is defensible that the code did not authorize administrative seizures and sales in situations like the one before us.

In conclusion, the IRS had the legal authority to levy and sell Dale's equal interest in the homestead held in joint tenancy. The Elfelts, therefore, are entitled to rent and partition. Furthermore, Albina's claims, defenses and appeal were not frivolous due to the unique facts of this case and the lack of precedent. However, we

remand to the trial court to determine: (1) whether Albina had any reasonable grounds to deny the requests for admissions, and (2) the amount of rent due from Albina accruing from the date the Elfelts made their written demand for payment of rent.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded with directions.