CHARTIER, Respondent, vs. SIMON, Appellant.

*May 13—June 10, 1947.*

*Val. W. Dittmann* of Kenosha, for the appellant.

For the respondent there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

FOWLER, J.   The plaintiff brought an action for unlawful detainer in a justice court of Kenosha county wherein judgment of ouster was entered.   The defendant appealed to the municipal court of Kenosha county.   Like judgment was there entered and the defendant appealed to this court.

The facts are undisputed and so far as here material are as follows: The premises involved are a dwelling house and the

lot on which the house is located. The premises at the time the transactions out of which the action grew were owned in joint tenancy by Lawrence E. Simon and his wife, Irene H. Simon. On July 2, 1945, the Simons and Chartier signed an agreement in writing describing the property whereby Chartier agreed to purchase the property and pay therefor $4,800 and the Simons agreed to sell at said price and to execute a land contract of sale for said price and to deliver possession on August 4, 1945. This preliminary agreement contained a provision that if possession was not surrendered at the date specified the Simons would "pay $1 per day rent" from the agreed date of surrender to the date of actual surrender. This agreement provided that $500 of the purchase price was paid as "earnest money," at the date of its execution, the receipt whereof was acknowledged, and that the remaining $4,300 and interest at five per cent would be paid by Chartier and secured by the land contract in instalments of not less than $52 per month. It further agreed that the Simons would procure a loan on the premises of $3,700 from the Lutheran Brotherhood, and that $32 of the monthly payments thereon would be paid to the Brotherhood and $20 to the Simons until they had received the amount of their equity in the premises. On July 23, 1945, a land contract was executed by the Simons and delivered to Chartier in general terms following the preliminary agreement but providing that $37 a month would be paid to the Brotherhood and $15 to the Simons. The land contract did not contain the provision for payment of "$1 a day rent" incorporated in the preliminary agreement of July 2d, but provided that the Chartiers would hold the premises as tenants by sufferance of the Simons, subject to removal of such tenants holding over on default of any instalment of "purchase money, interest;" or taxes or insurance premiums which by the land contract were to be paid by Chartier. The Simons by reason of differences between the parties that arose refused and continued to refuse to deliver possession of the

premises or pay $1 rent, and Mrs. Simon so continues.   Lawrence E. Simon died August 8, 1945.

On the facts above stated the justice court and the municipal court on appeal entered judgment for "restitution" of the premises.   Counsel for respondent contends that on those facts the appellant was a tenant of respondent holding over after termination of a lease for nonpayment of rent and that respondent was therefore entitled to bring an unlawful-detainer action under sec. 291.01, Stats.   Ch. 291, Stats., applies only to cases involving the conventional relation of landlord and tenant in which the tenant cannot dispute the landlord's title or his own tenancy.   The case is plainly ruled by *Menominee River Lumber Co. v. Philbrook,* 78 Wis. 142, 47 N. W. 188; *Buel v. Buel,* 76 Wis. 413, 417, 45 N. W. 324; and *Hauser v. Fetzer,* 183 Wis. 25, 197 N. W. 170.

The contract of July 2, 1945, created no title in plaintiff and conferred on him no power to create a lease.   It only gave him the right to compel specific performance of that contract.   The land contract of July 23d no doubt gave him the right to bring some sort of an action not triable by a justice of the peace, to secure possession of the premises, but under no possible view of the case did it give him any right to bring an action of unlawful detainer for nonpayment of rent.   No payment of rent and no payments whatever were due from the Simons to Chartier.   The only payments provided for by the land contract, which after its execution and delivery alone governed the rights of the parties, were payments by Chartier of $37 a month to the Lutheran Brotherhood and $15 a month to the Simons and to Mrs. Simon after her husband's death.   The Chartiers no doubt are entitled to damages for nondelivery of possession of the property at the agreed time, but that is not determinable in the instant action.

*By the Court.*—The judgment of the municipal court is reversed, with costs to the appellant, with the costs for printing brief and appendix limited to one half the statutory amount.