435 So.2d 381 (1983)
Judith A. WEISE, Appellant,
v.
Louise C. KIZER, Personal Representative of the Estate of Wallace C. Cawthon, Deceased, Appellee.
No. 82-676.
District Court of Appeal of Florida, Fifth District.
July 28, 1983.
Timothy Williams, of Rossetter, Maxwell & Holliday, Melbourne, for appellant.
Ronald W. Sikes, of Ronald W. Sikes, P.A., Titusville, for appellee.
SHARP, Judge.
Judith Weise appeals from a final judgment that determined that Louise Kizer, the personal representative of the estate of Wallace Cawthon, was entitled to receive one half of the proceeds from the sale of real property formerly owned by Weise and Cawthon as joint tenants with the right of survivorship. The sole issue in this case is whether a joint tenancy is severed and the incident of survivorship destroyed when the joint tenants execute a contract to sell the real property. We hold that severance did not occur in this case, and therefore Weise is entitled to receive all of the proceeds.
Cawthon and Weise held title to certain real property located in Brevard County, Florida, as joint tenants with the right of survivorship. On February 29, 1980, they entered into a contract to sell the property to Howard and Karla Moss. A $100.00 deposit was paid into an escrow account, and an additional $900.00 was due ten days later. The closing was set for April 30, 1980, and at closing, the Moss' were to pay $5,000.00 in cash, and execute a mortgage for the balance of the $28,500.00 purchase price. The real estate contract used was a standard realty form that did not contain any special provisions dealing with the joint tenancy. Cawthon and Weise merely signed it as "seller." Cawthon died approximately one month before the closing.
Although the issue posed in this case is relatively clear and simple, we have been *382 unable to find any controlling Florida precedents. The appellee argues that Kozacik v. Kozacik, 157 Fla. 597, 26 So.2d 659 (1946), supports her position. We think that case is factually distinguishable because the joint tenants clearly indicated their intent to sever the joint tenancy in the contract to sell. That contract provided: "It is the intention of all parties that this agreement, when carried out in whole or in part, will terminate the joint tenancy and the incident of survivorship."
Further, the contract in Kozacik created disparate interests and rights under the contract for the sellers. One was to receive purchase money installments, and the other gave the buyer an option to purchase his interest with different buy-out arrangements. The Supreme Court of Florida held that the execution of the contract severed the joint tenancy and extinguished the right of survivorship. The court justified this result by reasoning that the four unities necessary for the creation and continuance of a joint tenancy, the unities of interest, title, time, and possession, had been destroyed by the contract. The court also discussed the principles of equitable conversion as a second basis upon which to premise severance. In view of the language in the contract, however, this second basis was not necessary for the holding in Kozacik.
The appellant cites Kent v. O'Neil, 53 So.2d 779 (Fla. 1951), as determinative of her position. Unfortunately, that decision was an affirmance without an opinion, and therefore it is not clear precedent. Department of Legal Affairs v. District Court of Appeal, 5th District, 434 So.2d 310 (Fla. 1983); State v. A.D.H., 429 So.2d 1316 (Fla. 5th DCA 1983). From the dissenting opinion written by Justice Thomas, the facts in Kent, and its result, do support appellant's argument that a joint tenancy is not severed by the joint tenants' execution of a contract to sell the real estate.
The decisions in other states are in conflict on this point. 4A Powell on Real Property § 618 (1982); 4 Thompson on Real Property § 1780 (1979); Annot., 64 A.L.R.2d 918 (1959). Those holding that severance occurs reach this result through the application of the doctrine of equitable conversion,[1] or through the extension of the well-accepted principle that because severance occurs when one joint tenant contracts alone to sell his interest,[2] it is logical for severance to occur if all joint tenants contract.[3]
It appears to us that the weight of authority,[4] and the better view,[5] is that severance does not automatically occur upon the execution of a contract to sell that is executed by all joint tenants, unless there is an indication in the contract, or from the circumstances, that the parties intended to sever and terminate the joint tenancy.[6] Florida recognizes and applies the doctrine of equitable conversion in a myriad of contexts dealing with the rights of parties in real estate and related interests. See Hull v. Maryland Casualty Co., 79 So.2d 517 (Fla. 1954); Tingle v. Hornsby, 111 So.2d 274 (Fla. 1st DCA 1959). The doctrine's principle function is to "regard as done that *383 which ought to be done," in order to protect a party's interest in real property or its proceeds.[7] For example, a vendor is allowed to intervene in a mortgage foreclosure suit, although he is not the titleholder; and, absent a contract provision, the purchaser bears any loss stemming from damage to the property, and is entitled to benefits or insurance proceeds. 33 Fla.Jur. Vendor and Purchaser §§ 102, 105, 115, 116 (1960). There is considerable question whether this equitable doctrine should be applied in the present context,[8] and certainly it should not be applied if it defeats the intention of the parties.
We agree with the dissenting opinion in Panushka v. Panushka, 221 Or. 145, 349 P.2d 450 (1960), written by Justice O'Connoll, that most joint tenants who contract to sell their realty normally expect the joint tenancy with rights of survivorship to continue as to their contract rights. Accordingly, we adopt as the better rule the oft-quoted statement by O'Connor, Ld. J., in Hayes Case 1920 Ir.R. 207 (cited in Annot., 64 A.L.R.2d at 937.):
[A] mere agreement by persons entitled as joint tenants to convert their property from one species to another does not operate to work a severance.
In this case, the contract was silent as to whether or not severance of the joint tenancy was intended, and because the case was decided below on a motion for judgment on the pleadings, there are no extraneous circumstances to indicate severance was intended. Further, there was no separation or differentiation of the joint tenant's title or interest in the contract. Therefore, not one of the four unities was disturbed. See La Pierre v. Kalergis, 257 So.2d 33 (Fla. 1971); Hewitt v. Biege, 183 Kan. 352, 327 P.2d 872 (1958). For the reasons stated in this opinion, we hold that the joint tenancy was not severed in this case, and the judgment appealed is
REVERSED.
ORFINGER, C.J., and COWART, J., concur.
NOTES
[1] Smith v. Tang, 100 Ariz. 196, 412 P.2d 697 (1966); In Re Sprague's Estate, 244 Iowa 540, 57 N.W.2d 212 (1953); Panushka v. Panushka, 221 Or. 145, 349 P.2d 450 (1960); Yannopoulos v. Sophos, 243 Pa.Super. 454, 365 A.2d 1312 (1976).
[2] Harelik v. Teshoney, 337 So.2d 828 (Fla. 1st DCA 1976).
[3] Register of Wills for Montgomery County v. Madine, 242 Md. 437, 219 A.2d 245 (Md. Ct. App. 1966); see In re Baker's Estate, 247 Iowa 1380, 78 N.W.2d 863 (1956); Hughes v. DeBarberi, 171 Neb. 780, 107 N.W.2d 747 (1961); Annot., 64 A.L.R.2d 918 (1959).
[4] 48A C.J.S. Joint Tenancy § 18 (1981).
[5] 4 Thompson on Real Property § 1780 (1979).
[6] Mann v. Bradley, 188 Colo. 392, 535 P.2d 213 (1975); Mangus v. Miller, 35 Colo. App. 115, 532 P.2d 368 (1974); Watson v. Watson, 5 Ill.2d 526, 126 N.E.2d 220 (1955); Hughes v. Hughes, 171 Ind. App. 255, 356 N.E.2d 225 (1976); Hewitt v. Biege, 183 Kan. 352, 327 P.2d 872 (1958); O'Connor v. Dickerson, 188 So.2d 241 (Miss. 1966); In Re Estate of King, 572 S.W.2d 200 (Mo. Ct. App. 1978); Lawrence v. Andrews, 84 R.I. 133, 122 A.2d 132 (1956); Simon v. Chartier, 250 Wis. 642, 27 N.W.2d 752 (1947).
[7] 22 Fla.Jur.2d Equity § 47 (1980).
[8] Hughes v. Hughes, 171 Ind. App. 255, 356 N.E.2d 225 (1976).