[No. 61119-0.    En Banc.    June 9, 1994.]

THE ESTATE OF THEODORE P. PHILLIPS, ET AL,
*Appellants*, v. CHARLES NYHUS, ET AL, *Respondents.*

*Doherty, Doherty & Ritchie*, by *John H. Doherty*, for appellants.

*Wolfley & Hoffer*, by *Lane J. Wolfley*, for respondents.

SMITH, J. — Appellant James W. Morse, Administrator C.T.A.[1] of the Estate of Theodore P. Phillips, deceased, seeks

---

[1] *Cum testamento annexo*. Administrator with will annexed. Administration granted in cases where a testator makes a will without naming any executors; or-where the executors named in the will are incompetent to act, are deceased, or

reversal of a decision by the Clallam County Superior Court which denied a motion for revision of a commissioner's ruling that a joint tenancy with right of survivorship between Phillips and Respondents Charles Nyhus and Christina Nyhus survived a subsequent earnest money agreement for sale of certain real property from the joint tenants (Phillips and Nyhus) to a third party, and granted summary judgment in favor of Respondents Charles and Christina Nyhus, awarding them all proceeds from that contract with the third party. We accepted certification from the Court of Appeals, Division Two. We affirm.

## STATEMENT OF FACTS

Theodore P. Phillips (Phillips), the decedent, and Respondents Charles and Christina Nyhus (Nyhus) had a history of business involvement with each other in timber sales and real estate transactions.[2]

On November 8, 1988, Theodore P. Phillips and Charles Nyhus signed an agreement under which Mr. Phillips would be a silent partner in the purchase of certain real estate, including the property involved in this proceeding, and ultimately, after sale of the property, "the profit . . . [would] be divided equally between Ted Phillips and Charles Nyhus."[3] Phillips purchased the property involved in this proceeding on November 18, 1988.[4] On July 24, 1989, he signed an "Addendum to Joint Venture Agreement, Disposition of Certain Assets, Nyhus-Phillips" which indicated that Phillips "shall Quit Claim to Nyhus . . . one-half of his interest in the real estate legally described in Schedule D, and commonly known as the Salt Creek property."[5] The addendum also provided that "Phillips . . . promises and agrees with Nyhus . . . to

refuse to act. *Black's Law Dictionary* 45, 380 (6th ed. 1990); *see also* RCW 11.28.010.

[2]Supplemental Clerk's Papers, at 3.

[3]Supplemental Clerk's Papers, at 10.

[4]Supplemental Clerk's Papers, at 11.

[5]Supplemental Clerk's Papers, at 12.

convey and transfer to Nyhus upon Phillips' death, all of his remaining interests in any and all of the properties mentioned in paragraphs A, B, C and D. Phillips will take immediate steps to secure this transaction by executing a will to this effect."[6]

On the same day, July 24, 1989, Phillips executed a quitclaim deed to "Theodore P. Phillips, a single man and Charles Nyhus and Christina Nyhus, husband and wife" for certain described real property in Clallam County, which included a statement that:

> The grantees by signing their acceptance below, evidence their intention to *acquire said premises as joint tenants with right of survivorship and not as tenants in common.*[7]

The quitclaim deed was endorsed "accepted and approved" by "Charles Nyhus by Christina Nyhus, Christina Nyhus" and "Theodore P. Phillips".[8]

On July 19, 1990, Phillips and Nyhus signed an earnest money agreement to sell to Jeffrey Allen Wiley, Sr. and Carol Ann Wiley part of the property held in joint tenancy.[9] The earnest money agreement provided for partial payment on closing with the balance secured by a deed of trust.

On July 28, 1990, Theodore P. Phillips died before final closing of the real estate transaction with the Wileys. On August 22, 1990, James W. Morse was appointed Administrator C.T.A. of the Estate of Theodore P. Phillips. Nyhus then brought this action in the Clallam County Superior Court against Phillips' estate to declare their entitlement to proceeds from sale of the property to the Wileys under the joint tenancy agreement of July 24, 1989.[10] Pursuant to

---

[6]Supplemental Clerk's Papers, at 12, 13. The record does not indicate whether Phillips ever executed a will pursuant to the addendum.

[7](Italics ours.) Supplemental Clerk's Papers, at 3, 7.

[8]The parties have not questioned validity of the signature "Charles Nyhus by Christina Nyhus".

[9]Supplemental Clerk's Papers, at 8. Although the legal description seems not to be properly worded, the parties do not dispute that it applies to the property covered by the quitclaim deed containing the joint tenancy agreement.

[10]Clerk's Papers, at 14.

RCW 11.48.090, as personal representative, Mr. Morse answered the complaint and counterclaimed for partitioning of proceeds and for payment of one-half to the estate.

A superior court commissioner granted summary judgment in favor of Respondents Nyhus, awarding them all proceeds from sale of the real property. The Superior Court denied Appellants' motion for revision of the commissioner's decision.

## QUESTION PRESENTED

The sole question presented is whether a joint tenancy with right of survivorship is severed when all parties to that joint tenancy subsequently execute an earnest money agreement to sell to a third party real property held under the joint tenancy.

## DISCUSSION

Professor Harry M. Cross, addressing the subject of joint tenancy in 1960, wrote:

> Joint tenancy is a form of co-ownership by two or more persons in which each co-owner stands in the same relationship to the asset as each other co-owner as regards the time of acquisition, the method of acquisition, the interest acquired, and the right to possession. It is commonly stated that if these four "unities" (time, title, interest and possession) do not exist the co-owners are not joint tenants, even though there was an attempt to create a joint tenancy or there previously was a joint tenancy.[11]

The most significant characteristic of joint tenancy, which distinguishes it from tenancy in common, is the right of survivorship.

> The doctrine of survivorship appears to be the result of, or at least associated with, the theory that the joint tenants together own but one estate, a theory which, rigidly applied, would recognize no distinct interest in one to pass on his death to his heir or devisees, his claim being, as against the others, merely extinguished in that case. The survivor takes

---

[11]Harry M. Cross, *Joint Tenancy for Washington?*, 35 Wash. L. Rev. 292, 292-93 (1960). *See also Lyon v. Lyon*, 100 Wn.2d 409, 670 P.2d 272 (1983); *Merrick v. Peterson*, 25 Wn. App. 248, 258, 606 P.2d 700 (1980); 1 Wash. State Bar Ass'n, *Real Property Deskbook* § 6.7 (2d ed. 1986).

no title by survivorship but holds under the deed by virtue of which he was originally seized of the whole.

The right of the survivor to succeed to the interest of the deceased joint tenant takes precedence over any devise made by the latter, nor can it be affected by any charge placed by the latter on his interest, or by a grant by him of a right of use or profit. It may, however, be destroyed at the option of either joint tenant by a severance of the tenancy.[12]

This court in *Holohan v. Melville*[13] *stated:*

Where there is a joint tenancy, each of the tenants has an undivided moiety of the whole, and not the whole of an undivided moiety. While the joint tenancy continues, each of the two tenants has a complete interest in the whole, and on the death of one the whole interest in the whole remains in the survivor.

(Citation omitted.)

Joint tenancies in Washington are governed by RCW 64.28.[14] Joint tenancies with right of survivorship are gov-

---

[12]Yale B. Griffith, *Joint Tenancy and Community Property*, 37 Wash. L. Rev. 30, 31 (1962) (quoting 2 Herbert T. Tiffany, *Real Property* 198 (3d ed. 1939)). *See also In re Estate of Oney*, 31 Wn. App. 325, 641 P.2d 725, *review denied*, 97 Wn.2d 1023 (1982).

[13]41 Wn.2d 380, 399, 249 P.2d 777, 255 P.2d 899 (1952) (quoting In re Estate of Peterson, 182 Wash. 29, 45 P.2d 45 (1935)). The case was decided prior to enactment of RCW 64.28.010. However, the statute is consistent with *Holohan*, which allows right of survivorship as an incident of joint tenancy when the intent to create a joint tenancy is expressly declared.

[14]The historical background of RCW 64.28 is recited in *In re Estate of Olson*, 87 Wn.2d 855, 857, 557 P.2d 302 (1976):

Until the passage of Initiative 208 in 1960, the form of joint ownership of property known as joint tenancy with right of survivorship was not recognized in this state. In that year the people voted to end the prohibition against joint ownership with right of survivorship and to establish the "form of co-ownership of property, real and personal, known as joint tenancy [which] shall have the incidents of survivorship and severability as at common law." Laws of 1961, ch. 2, § 1, p. 26. This legislation further provided as follows:

Joint tenancy may be created by written agreement, written transfer, deed, will or other instrument of conveyance, when expressly declared therein to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants: . . .

Laws of 1961, ch. 2, § 1, p. 26. The provisions of Initiative 208 were codified as RCW 64.28.010-.030.

(Footnote omitted.)

erned by RCW 64.28.010, the former version of which provided:[15]

> Whereas joint tenancy with right of survivorship permits property to pass to the survivor without the cost or delay of probate proceedings, there shall be a form of co-ownership of property, real and personal, known as joint tenancy. *A joint tenancy shall have the incidents of survivorship and severability as at common law. Joint tenancy shall be created only by written instrument, which instrument shall expressly declare the interest created to be a joint tenancy.* It may be created by a single agreement, transfer, deed, will, or other instrument of conveyance, or by agreement, transfer, deed or other instrument from a sole owner to himself and others, or from tenants in common or joint tenants to themselves or some of them, or to themselves or any of them and others, or from husband and wife, when holding title as community property, or otherwise, to themselves or to themselves and others, or to one of them and to another or others, or when granted or devised to executors or trustees as joint tenants: PROVIDED, That such transfer shall not derogate from the rights of creditors.[16]

A contract or agreement by only one joint tenant to convey property held in joint tenancy destroys the right of survivorship, terminates the joint tenancy and converts it into a tenancy in common.[17] However, the law in Washington is unsettled on the question whether an earnest money agreement for sale of real property by *both or all* joint tenants to a third party severs a joint tenancy with right of survivorship.[18]

---

[15]RCW 64.28.010 (Laws of 1963, 1st Ex. Sess., ch. 16, § 1; Laws of 1961, ch. 2, § 1) (Initiative 208, approved November 8, 1960). The statute was amended in 1993, effective July 25, 1993, to include "the unilateral right of each tenant to sever the joint tenancy". Laws of 1993, ch. 19, § 1. The amendment is not applicable to this case.

[16](Italics ours.) *See also In re Estate of Olson,* 87 Wn.2d 855, 557 P.2d 302 (1976).

[17]Robert W. Swenson & Ronan E. Degnan, *Severance of Joint Tenancies,* 38 Minn. L. Rev. 466, 478 (1954); 4A Richard R. Powell, *Real Property* 618 (1982) (citing *Reilly v. Sageser,* 2 Wn. App. 6, 467 P.2d 358 (1970)).

[18]Jurisdictions holding that a contract of sale by both or all joint tenants to a third party automatically severs or terminates the tenancy include: Alabama, Arizona, California, Iowa, Maine, Maryland, Nebraska, Nevada, New York, North Carolina, Oregon, Pennsylvania, and Virginia. Jurisdictions which hold that a severance does not automatically occur upon signing of a contract of sale

In this case, a clear intent to create a joint tenancy with right of survivorship is evidenced in the quitclaim deed executed between Phillips and Nyhus on July 24, 1989. It expressly and unambiguously declared the interest to be "as joint tenants with right of survivorship and not as tenants in common".

The administrator for Phillips' estate argues that the joint tenancy between Nyhus and Phillips was severed when the parties entered into the earnest money agreement and failed to indicate that the property was held in joint tenancy. The administrator cites *Reilly v. Sageser* to argue that "[a] joint tenancy may be converted into a tenancy in common by agreement or by the *failure of an attempt* to create a joint tenancy."[19]

*Reilly* is similar to this case only in that a quitclaim deed was executed to "create[ ] a joint tenancy between the parties as authorized by statute, since it created a right of 'survivorship and severability as at common law.' "[20] But the facts in that case are distinguishable from the facts in this case. In *Reilly*, the parties entered into a subsequent agreement which included a handwritten paragraph specifically destroying "the right of survivorship by providing that in the event of death, the survivor could purchase the deceased party's interest for the contract investment.[21] Such an

---

by both or all joint tenants to a third party, absent circumstances indicating an intent to sever the tenancy, include: California, Florida, Illinois, Indiana, Kansas, Massachusetts, Michigan, Missouri, Montana, New Jersey, New York, Rhode Island, Tennessee, Virginia, and Wisconsin. Sara L. Johnson, Annotation, *Contract of Sale or Granting of Option To Purchase, to Third Party, by Both or All of Joint Tenants or Tenants by Entirety as Severing or Terminating Tenancy*, 39 A.L.R.4th 1068 (1985).

[19](Italics ours.) *Reilly v. Sageser*, 2 Wn. App. 6, 9, 467 P.2d 358 (1970) (citing 4 George W. Thompson, *Real Property* § 1795, at 123 (1961)).

[20]*Reilly*, at 9.

[21]The handwritten provision, initialed by all parties to the contract, stated:

If at any time in the future any party to this agreement desires to withdraw . . . or either . . . should become permanently disabled or die, then the surviving interest shall arrange to purchase the entire interest . . . at the actual contract investment of the withdrawing party, plus cost of permant

agreement . . . [was] *inconsistent with the common law survivorship under a joint tenancy, [and] terminate[d] such a tenancy.*"[22] In that case the parties clearly intended to, and did in fact, terminate the right of survivorship which in turn terminated the joint tenancy.

In this case, Nyhus and Phillips executed the quitclaim deed which expressly created a joint tenancy with right of survivorship. The language in the subsequent earnest money agreement with Wiley did not indicate that Nyhus and Phillips were selling the property as joint tenants. The Respondents correctly assert that the earnest money agreement with Wiley did not contain language indicating how the money from the sale would be divided or held, or whether the money was to be divided at all. There was no language indicating that Nyhus and Phillips intended to change their status as joint tenants with right of survivorship with reference to the property covered by the quitclaim deed. That status was never changed.

At the time of Phillips' death, the property was held by the parties as joint tenants with right of survivorship with contractual rights and obligations arising from the earnest money agreement. There having been no severance of the joint tenancy by execution of the earnest money agreement, the right of survivorship vested title in the surviving joint tenants along with the contractual rights and obligations. The operative event was Phillips' death and not the ultimate right to possession of the proceeds which followed as a consequence of the post-death completion of the earnest money agreement.

The administrator for Phillips' estate claims that execution of an earnest money agreement is inconsistent with a joint tenancy and thus consequently severs the joint tenancy between Phillips and Nyhus. He cites *Merrick v. Peterson,*

[*sic*] improvements invested by such withdrawing party, and such purchase shall be evidenced by standard real estate contract . . ..

*Reilly*, at 9.

[22](Italics ours.) *Reilly*, at 9 (citing *Teutenberg v. Schiller*, 138 Cal. App. 2d 18, 291 P.2d 53 (1955)).

which states that any "agreement subsequently executed which is inconsistent with the joint tenancy converts it into a tenancy in common."[23]

Respondents do not dispute Appellants' assertion that an agreement inconsistent with joint tenancy would convert ownership into a tenancy in common. In *Merrick*, the parties held a promissory note as joint tenants with right of survivorship.[24] *Merrick* does not hold that execution of an earnest money agreement with a third party is inconsistent with a joint tenancy. Rather, the decision was based upon a stipulation by the parties to hold the promissory note as tenants in common.[25] In this case, Nyhus and Phillips unquestionably owned the property as joint tenants with right of survivorship. They entered into an earnest money agreement for sale of that property to a third party, Wiley. Nothing in this sequence of events is inconsistent with a joint tenancy with right of survivorship.

### Doctrine of Equitable Conversion
### Not Recognized

■ The administrator attempts to invoke the doctrine of equitable conversion in support of his claim. We do not recognize that doctrine in Washington.[26]

### Subsequent Contract Does Not Sever
### a Joint Tenancy

■ Respondent Nyhus relies upon the Florida case of *Weise v. Kizer*[27] to support the argument that execution of a subsequent contract of sale by joint tenants does not destroy joint tenancy. Granted the facts in *Weise* are similar to those in this case. However, cases from other jurisdictions are of

---

[23]*Merrick v. Peterson*, 25 Wn. App. 248, 258, 606 P.2d 700 (1980) (citing *Reilly v. Sageser*, 2 Wn. App. 6, 467 P.2d 358 (1970)).

[24]*Merrick*, at 257.

[25]*Merrick*, at 257.

[26]*Cascade Sec. Bank v. Butler*, 88 Wn.2d 777, 567 P.2d 631 (1977).

[27]435 So. 2d 381 (Fla. Dist. Ct. App. 1983), *review denied*, 444 So. 2d 417 (Fla. 1984).

little value in analyzing cases under the joint tenancy statute in Washington because no other state has a joint tenancy statute identical to or substantially identical to our Washington statute, RCW 64.28.010, in either its former version or its 1993 amended version. Even so, cases from some other jurisdictions and applicable Washington case law indicate that what joint action by joint tenants is considered sufficient to terminate a joint tenancy is determined principally by the intent of the parties.[28] Here, execution of an earnest money agreement of itself evidences no intent to sever the holding of title as joint tenants.

## SUMMARY AND CONCLUSIONS

The quitclaim deed from Phillips to Phillips and Nyhus created between the parties a joint tenancy with right of survivorship. The intent of the parties was clearly expressed in that document. There is no evidence in the record indicating that Nyhus or Phillips intended to sever the joint tenancy when they executed the earnest money agreement for sale of the property to Wiley. Mere execution of an earnest money agreement for the sale of real property held in joint tenancy with right of survivorship does not sever the joint tenancy nor the right of survivorship. This conclusion is reached by application of RCW 64.28.010 and reliance upon our decision in *In re Estate of Olson*[29] which explores the legislative history of the statute.

We affirm the decision of the Clallam County Superior Court which denied revision of the commissioner's ruling

---

[28]*See Hammond v. McArthur,* 30 Cal. 2d 512, 183 P.2d 1 (1947) (citing *Alexander v. Boyer,* 253 Md. 511, 521-22, 253 A.2d 359, 365 (1969)); 2 *American Law of Property* § 6.2 (A.J. Casner ed. 1952); A.C. Freeman, *Cotenancy and Partition* § 30 (2d ed. 1886); Robert H. Walker, Comment, *Cotenancy: Effect of Conveyances, Leases, and Encumbrances of One Cotenant in Excess of His Interest: Joint Tenancy: Effect of Lease as to Severance: Remedies of Cotenants as Against Each Other,* 25 Cal. L. Rev. 203, 208 (1937); Swenson and Degnan, *Severance of Joint Tenancies,* 38 Minn. L. Rev. 466, 474 (1954). *See also Lyon v. Lyon,* 100 Wn.2d 409, 670 P.2d 272 (1983).

[29]87 Wn.2d 855, 557 P.2d 302 (1976).

which granted summary judgment in favor of Respondents Charles Nyhus and Christina Nyhus.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, GUY, JOHNSON, and MADSEN, JJ., concur.