Lynn WONKA and Jerome Wonka, Plaintiffs-Appellants,

v.

Samuel CARI, Special Administrator of the Estate of Edward E. Bierbrauer, and Donna Bierbrauer, Defendants-Respondents.

Court of Appeals

*No. 01–0184. Submitted on briefs September 17, 2001.—Decided October 23, 2001.*

2001 WI App 274

(Also reported in 637 N.W.2d 92.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Charles B. Harris* and *Martha H. Heidt* and *Doar, Drill & Skow, S.C.* of Baldwin.

On behalf of the defendants-respondents, the cause was submitted on the brief of *R. Michael Waterman* and *Mudge, Porter, Lundeen & Seguin, S.C.* of Hudson.

Before Cane, C.J., Hoover, P.J., Peterson, J.

¶ 1. HOOVER, P.J. Lynn and Jerome Wonka appeal a summary judgment dismissing their claims against the proceeds from the sale of real estate of the Estate of Edward Bierbrauer. The Wonkas argue that Edward and Donna Bierbrauer held the property as marital property without survivorship rights until Edward's death. They argue further that Edward's portion of the proceeds was available to satisfy a judgment for damages from a tort claim against him that resulted from an auto accident. Donna and the special administrator of Edward's estate contend that at all times the Bierbrauers held the property as survivorship marital property. We agree. Ownership of the property

appropriately passed to Donna upon Edward's death, and she is entitled to all proceeds from its sale. We affirm the trial court's judgment.

¶ 2. In 1976, Edward and Donna acquired an interest in the Boardman Bar by way of a land contract. The land contract conveyed the real property to "Edward E. Bierbrauer and Donna K. Bierbrauer, husband and wife as joint tenants." Edward and Donna satisfied the land contract in 1991, and the seller conveyed the warranty deed to the Bierbrauers as "husband and wife, as marital property with rights of survivorship."

¶ 3. In 1996, Edward Bierbrauer and Lynn Wonka were involved in an automobile accident. The Wonkas filed a personal injury action in April 1998, alleging that Edward negligently caused the accident. Donna Bierbrauer was not involved in the accident and was not named as a defendant.

¶ 4. Early in 1997, the Bierbrauers entered into a land contract with Lloyd and Ann Anderson for the sale of the Boardman Bar. The Andersons defaulted on the land contract. Six months later, in lieu of foreclosure, the Andersons conveyed their interest in the Boardman Bar back to the Bierbrauers as "husband and wife" by way of a quitclaim deed.

¶ 5. Edward passed away in 1999, and the trial court appointed a special administrator of his estate. The Wonkas continued the suit against Edward's one-half interest in the Boardman Bar.

¶ 6. After Edward's death, Donna filed a "Termination of Decedent's Property Interest" to terminate Edward's interest in the Boardman Bar. The Wonkas then amended their complaint to allege that the prop-

erty was not survivorship marital property. They claimed that any judgment awarded to them could be satisfied from Edward's interest in the property. Donna and the Estate moved for summary judgment to determine whether the Bierbrauers held the property as survivorship or non-survivorship property.

¶ 7. Subsequently, the Boardman Bar was sold and, pursuant to stipulation, the portion of the proceeds attributable to Edward's interest was held in trust. The parties stipulated that all of the Wonkas' claims were dismissed except for issues surrounding the Wonkas' alleged interest in the money in the trust. The parties agreed to the distribution of the trust money upon the trial court's resolution of the legal issue. In the event the trial court determined that the Boardman Bar was survivorship marital property, the parties stipulated that the sum held in trust would be paid to Donna. In the event it determined the Boardman Bar was owned as non-survivorship marital property at the time of Edward's death, the parties stipulated the sum held in trust would be paid to the Wonkas. The trial court signed the order approving the stipulation.

¶ 8. On December 5, 2000, the trial court granted summary judgment in favor of Donna and the Estate. It concluded that the Bierbrauers held the Boardman Bar as survivorship marital property until Edward's death and that the plaintiffs have no interest in the proceeds from the property's sale. The Wonkas now appeal.

STANDARD OF REVIEW

■■

¶ 9. We review summary judgment dispositions de novo and apply the same methodology used in the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304,

315, 401 N.W.2d 816 (1987). Summary judgment is granted only when pleadings, depositions, interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact. Wis. Stat. § 802.08(2). When examining material presented, we view all inferences to be drawn from the underlying facts in the light most favorable to the party opposing the summary judgment motion. *Kraemer Bros. v. United States Fire Ins. Co.*, 89 Wis. 2d 555, 567, 278 N.W.2d 857 (1979).

## DISCUSSION

¶ 10. The Wonkas argue that, at the time of Edward's death, the Boardman Bar was not survivorship marital property, the 1997 land contract having severed the Bierbrauers' joint tenancy. The Wonkas further contend that the quitclaim deed did not convey a survivorship interest from the Andersons back to the Bierbrauers. We disagree because the land contract transferred only equitable title to the Andersons. We conclude that the Bierbrauers at all times retained legal title to the property as survivorship marital property. Therefore, we affirm the trial court's summary judgment.

¶ 11. When a tortfeasor spouse dies, property that would have been available for satisfaction of the incurred obligation generally continues to be available. Wis. Stat. § 859.18(2).[1] Survivorship marital property, however, is not available to satisfy the obligation of the deceased tortfeasor spouse. Wis. Stat. § 859.18(4)(a)1.

---

[1] All references are to the 1999–2000 Wisconsin Statutes unless otherwise noted.

Whether the Wonkas can access Edward's interest in the sale proceeds to satisfy tort judgments against him turns on whether the Bierbrauers held the Boardman Bar as survivorship marital property at the time of Edward's death.

¶ 12. Once survivorship rights are created, they remain with the titleholders until an act or event severs the joint tenancy. *See Nichols v. Nichols*, 43 Wis. 2d 346, 349–50, 168 N.W.2d 876 (1969). The Bierbrauers established survivorship rights when the 1991 warranty deed vested title "with rights of survivorship."

¶ 13. In a land contract, the vendor holds legal title, while the vendee obtains equitable title. *City of Milwaukee v. Greenberg*, 163 Wis. 2d 28, 39, 471 N.W.2d 33 (1991). Here, then, the land contract conveyed to the Andersons equitable title in the Boardman Bar. In *Simon v. Chartier*, 250 Wis. 642, 645, 27 N.W.2d 752 (1947), our supreme court expressly held that executing a land contract does not constitute severance of a joint estate. Therefore, when the Bierbrauers signed the land contract with the Andersons, they did not sever their joint tenancy with rights of survivorship. *See id.* As long as the Bierbrauers held the legal title, the way in which they held that title remained intact.

¶ 14. "The unexercised power to sell or convey a joint tenancy interest does not sever the joint tenancy; a consummated sale or conveyance does." *Nichols*, 43 Wis. 2d at 350. Because the Andersons did not satisfy the 1997 land contract, no sale was ever consummated. Consequently, the Bierbrauers' joint tenancy was never severed.

¶ 15. The Wonkas view the quitclaim deed as creating new rights, ignoring that, under the land

contract, the Bierbrauers retained legal title with survivorship interests. The 1997 quitclaim deed in lieu of foreclosure could not destroy the rights of survivorship because it conveyed only the equitable interests the Andersons had under the land contract. Wis. Stat. § 706.10(4). The Andersons could not convey what they did not own. They did not own legal title. Termination of rights under a land contract (via a quitclaim deed in lieu of foreclosure) puts the vendors back in the same position they were in prior to the execution of the land contract. *See Simon*, 250 Wis. 2d at 645.

¶ 16. This case is not about the creation of survivorship rights. It is about the preservation of existing rights. If the Bierbrauers had no legal interest in the Boardman Bar, the quitclaim deed would have been insufficient to create survivorship rights. However, it was unnecessary for the quitclaim deed to create survivorship rights because the Bierbrauers retained legal title in that form when they entered into the land contract with the Andersons and conveyed an equitable interest in the property.

¶ 17. The Wonkas argue that other jurisdictions terminate survivorship rights when a land contract is executed. That, however, is inconsequential. Wisconsin is one of the few states to follow the minority rule that survivorship rights are not extinguished. *See id.* at 645.

¶ 18. In summary, the Bierbrauers always retained legal title to the property, which was held as survivorship marital property. When the quitclaim deed in lieu of foreclosure terminated the land contract between the Andersons and the Bierbrauers, it merely returned to the Bierbrauers the equitable title under the land contract. The quitclaim deed merely returned

the Bierbrauers to the same position they were in before the land contract transaction with the Andersons.

*By the Court.*—Judgment affirmed.