# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

In the Matter of the Estate of Thomas G. Moore:

Michael Dennis Moore, Appellant,

v.

Thomas Paul Moore, Francine Laura Lawhon, Estate of Linda Kaye Moore, and Phillip Frederick Moore, Respondents.

Appellate Case No. 2018-001144

———

Appeal From Florence County
J. Munford Scott, Jr., Probate Court Judge
Thomas A. Russo, Circuit Court Judge

———

Opinion No. 5887
Submitted November 1, 2021 – Filed January 5, 2022

———

## AFFIRMED IN PART AND REVERSED IN PART

———

Michael Dennis Moore, pro se.

C. Pierce Campbell, of Turner Padget Graham & Laney, PA, of Florence, for Respondent Thomas Paul Moore.

James Ross Snell, Jr. and Vicki D Koutsogiannis, of Law Office of James R. Snell, Jr., LLC, both of Lexington, for Respondent Phillip Frederick Moore.

———

**THOMAS, J.:**  Michael Dennis Moore (Appellant), personal representative of the estate of Thomas G. Moore (Decedent), appeals a circuit court order affirming the probate court's order, arguing the circuit court erred in ruling (1) a joint tenancy with a right of survivorship between Decedent and Appellant was defeated at the time a purchase agreement to sell a parcel of real property was signed; (2) Appellant's claims of prejudicial submission of evidence and allowance of new claims on the day of trial were not preserved for the court's review; and (3) a separate envelope containing a document with instructions concerning a piece of Decedent's estate should be integrated into Decedent's last will and testament (Will).  We affirm in part and reverse in part.[1]

## FACTS/PROCEDURAL HISTORY

Decedent passed away on December 20, 2013, leaving a Will dated September 27, 1997.  The Will appointed Appellant as the personal representative.  The Will was admitted to the Florence County Probate Court on February 20, 2014, and Appellant filed an Original Inventory and Appraisement for the Estate on April 24, 2014.  Decedent was survived by five children:  Appellant, Thomas Paul Moore, Phillip Frederick Moore, Francine Laura Lawhon, and Linda Kaye Moore.  Thomas, Phillip, Francine, and Linda are Respondents.

The matter appeared before the probate court on December 22, 2015, and July 27, 2016.  In its order filed November 29, 2016, the court ruled a document, separate from the Will that was found within Decedent's safe with the Will, should be integrated into the Will.  The separate document sought to devise to Thomas an interest in a five-acre piece of property located in Richland County, referred to as the "Church Property" by the probate court because it was located across the street from the house of the pastor of Horrell Hill Baptist Church.  The church's pastor was Decedent's brother, Reverend Lester Moore.  Decedent and Reverend Moore each owned half of the property.

Appellant filed an appeal with the circuit court.  After a hearing on February 14, 2018, the circuit court affirmed the probate court's decision by order filed on May 8, 2018.  According to Appellant's brief, Appellant filed a motion to alter or amend, which was denied on June 5, 2018; however, neither the motion to alter or amend nor the order denying the motion is included in the record on appeal.  This appeal followed.

---

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.

**STANDARD OF REVIEW**

"The standard of review applicable to cases originating in the probate court is controlled by whether the underlying cause of action is at law or in equity." *In re Est. of Hyman*, 362 S.C. 20, 25, 606 S.E.2d 205, 207 (Ct. App. 2004). An action to construe a will is an action at law. *Id.* Thus, our review extends merely to the correction of legal errors. *Id.* "[T]his [c]ourt may not disturb the probate [court's] findings of fact unless a review of the record discloses there is no evidence to support them." *In re Est. of Cumbee*, 333 S.C. 664, 670, 511 S.E.2d 390, 393 (Ct. App. 1999).

**LAW/ANALYSIS**

**I.      Joint Tenancy with a Right of Survivorship**

Appellant argues the circuit court erred in ruling a joint tenancy with a right of survivorship between Decedent and Appellant was defeated at the time a purchase agreement to sell a parcel of real property was signed. We agree.

Section 27-7-40(a) of the South Carolina Code (2007) provides joint tenancy includes the following incidents of ownership:

> (i) In the event of the death of a joint tenant, and in the event only one other joint tenant in the joint tenancy survives, the entire interest of the deceased joint tenant in the real estate vests in the surviving joint tenant, who is vested with the entire interest in the real estate owned by the joint tenants.
>
> . . . .
>
> (iii) The fee interest in real estate held in joint tenancy may not be encumbered by a joint tenant acting alone without the joinder of the other joint tenant or tenants in the encumbrance.
>
> (iv) If all the joint tenants who own real estate held in joint tenancy join in an encumbrance, the interest in the real estate is effectively encumbered to a third party or parties.

Section 27-7-40(c) provides in part:

> Except as expressly provided herein, any joint tenancy
> severed pursuant to the terms of this section is and
> becomes a tenancy in common without rights of
> survivorship.  Nothing contained in this section shall be
> construed to create the estate of tenancy by the entireties.
> Nothing contained in this section amends any statute
> relating to joint tenancy with rights of survivorship in
> personal property but affects only real estate.  The
> provisions of this section must be liberally construed to
> carry out the intentions of the parties.

Appellant and Decedent jointly purchased 334 Cypress Avenue in Garden City, South Carolina, with each owning half of the property.  They entered into an agreement to sell the property in November 2013, prior to Decedent's death on December 20, 2013.  The property was sold on December 27, seven days after Decedent's death.  Appellant signed the deed individually and received all the proceeds from the sale, despite the existence of the sales contract before Decedent's death.

The probate court cited to section 27-7-40 of the South Carolina Code for the proposition that if all joint tenants who own real property in joint tenancy join in an encumbrance, the interest in the real property is encumbered for a third party or parties.  The probate court wrote that this court expounded on the statute in *South Carolina Federal Savings Bank v. San-A-Bel Corporation*, 307 S.C. 76, 78-79, 413 S.E.2d 852, 854 (Ct. App. 1992), when it held a "purchaser under an executory contract for the purchase and sale of real property has an equitable lien on the property in the amount paid for the purchase price," and "[t]his equitable interest arises from payment of the money and does not depend on the purchaser's taking possession of the real estate."  Thus, the probate court reasoned that the sales contract entered into prior to Decedent's death encumbered the property, entitling the purchaser to possession of the property upon payment of the agreed price and Decedent to one-half of the proceeds at closing.  The court found that neither the fact that Decedent's signature was not listed on the closing documents nor that the deed was not prepared prior to Decedent's death invalidated Decedent's rights to the proceeds of the sale of the property.  Therefore, the probate court ruled the joint tenancy with right of survivorship was defeated by the contract to sell the property and Decedent's Estate was entitled to one-half of the proceeds from the sale.  The

court ordered Appellant to pay Decedent's Estate $162,500 for the Estate's portion of the sales proceeds.

In its order, the circuit court found there was evidence to support the probate court's findings; thus, they should not be disturbed. As to the legal question of the effect of a contract to purchase and sell real estate creating rights for Decedent after death, after a de novo review, the circuit court found the probate court correctly interpreted and applied the relevant law. The circuit court noted this court has held a "purchaser under an executory contract for the purchase and sale of real property has an equitable lien on the property in the amount paid on the purchase price." *Id.* at 78, 413 S.E.2d at 854. Thus, the court reasoned that once Decedent and Appellant entered into the binding contract to sell the property, Decedent's death did not prevent him from preserving all the rights under it simply because he was waiting for it to be executed. Accordingly, the court held Decedent and Appellant were entitled to receive an equal share of the proceeds of the sale. However, the circuit court noted the probate court incorrectly found half of the $324,500 sale price was $162,500, when it should have been $162,250.

Appellant argues the probate court erred in ruling Appellant and Decedent's joint tenancy with a right of survivorship was severed at the signing of the purchase agreement for the sale of the property. He argues he was the sole owner of the property at the time it was sold because Decedent passed away before the final closing and recording of the property. He asserts the agreement to sell the property, signed by both joint tenants, did not terminate the joint tenancy with a right of survivorship. He argues § 27-7-40(a)(iv) allows for joint tenancies with a right of survivorship to effectively encumber property to third parties but does not state an encumbrance severs a joint tenancy with a right of survivorship. Appellant also argues the probate court incorrectly claimed jurisdiction over a non-probate asset and ruled the joint tenancy with the right of survivorship was terminated at the moment the contract for sale of the property was signed. He maintains there are no South Carolina cases that address this issue.

We find the case the probate court relied on, *South Carolina Federal Savings Bank v. San-A-Bel Corporation*, does not state a seller's interests in a joint tenancy with a right of survivorship is severed at the signing of a purchase agreement. Also, Section 27-7-40 of the South Carolina Code does not provide that an encumbrance on real estate severs the joint tenancy with a right to survivorship. Thus, we look at other states for guidance. There is a split in authority as to whether a contract for the sale of property severs a joint tenancy with a right to survivorship. "In some jurisdictions, a contract of sale made by both or all of the joint tenants

operates as a severance, while a contrary view is taken by other courts." 20 Am. Jur. 2d *Cotenancy and Joint Ownership* § 27.

Appellant cites to a Supreme Court of Washington case, *Estate of Phillips v. Nyhus*, 874 P.2d 154 (Wash. 1994), where joint tenants brought suit against the estate of a deceased joint tenant to declare their entitlement to proceeds from the sale of property. The *Nyhus* court held that "[a] contract or agreement by only one joint tenant to convey property held in joint tenancy destroys the right of survivorship, terminates the joint tenancy and converts it into a tenancy in common." *Id.* at 157-58. However, in the *Nyhus* case, at the time of the joint tenant's death, the property was held by the parties as joint tenants with right of survivorship with contractual rights and obligations arising from an earnest money agreement. *Id.* at 158-59. Because there had been no severance of the joint tenancy by execution of the earnest money agreement at his death, the right of survivorship vested title in the surviving joint tenants along with the contractual rights and obligations. *Id.* The court held the operative event was the joint tenant's death and not the ultimate right to possession of the proceeds which followed as a consequence of the post-death completion of the earnest money agreement. *Id.*

In *Weise v. Kizer,* 435 So. 2d 381, 381 (Fla. Dist. Ct. App. 1983), the sole issue before the Florida District Court of Appeal was whether a joint tenancy is severed and the incident of survivorship destroyed when joint tenants execute a contract to sell real property. In that case, Judith Weise and Wallace Cawthon held real property as joint tenants with a right of survivorship. *Id.* Weise and Cawthon entered into a contract to sell the property to Howard and Karla Moss; however, Cawthon died approximately one month before the closing. *Id.* The *Weise* court held "severance does not automatically occur upon the execution of a contract to sell that is executed by all joint tenants, unless there is an indication in the contract, or from the circumstances, that the parties intended to sever and terminate the joint tenancy." *Id.* at 382. Thus, severance did not occur, and Weise was entitled to receive all of the proceeds of the sale of the property. *Id.* at 381.

We are inclined to follow the *Weise* court. The sales contract was silent as to whether severance of the joint tenancy was intended by Appellant and Decedent, and no extraneous circumstances indicated severance was intended by the parties. Thus, we find the probate and circuit courts erred in finding the joint tenancy became a tenancy in common without rights of survivorship when Appellant and Decedent entered into a sales contract for the sale of the property and hold the joint tenancy was not severed in this case. Therefore, we reverse the probate and circuit courts on this issue and find the Estate is not entitled to proceeds from the sale.

## II.    Issue Preservation

Appellant argues the circuit court erred in ruling his claims of prejudicial submission of evidence and allowance of new claims on the day of trial were not preserved for the court's review.  We disagree.

At the hearing before the circuit court, Appellant argued the probate court erred in allowing new evidence and new claims of accounting to be submitted by Respondents at the July 27 hearing because they were in Respondents' possession prior to the first hearing on December 22.  Appellant asserts he asked the probate court to allow him to respond to the checks submitted by Respondents, and the court denied his request.  Thus, Appellant requested the circuit court reverse that decision or at least remand it to the probate court to allow Appellant to review the checks to determine if the money was spent and where it went.

Thomas asserted no written discovery was done by any party in this case, so the documents were not hidden or withheld before trial.  He argued the issue was not preserved because Appellant did not object to the introduction of the documents into evidence.  As for Appellant's assertion that the probate court denied his request to respond, Thomas stated Appellant asked the court if it wanted a summary of his interpretation of where the checks went and the court replied "no." Appellant did not object.

In its order, the circuit court noted the issue before it was whether the probate court properly considered the evidence and testimony presented at trial and correctly ruled based on that evidence that Appellant failed to pursue loans to Decedent, failed to account for funds received that belonged to the Estate, and failed to account for loans made by Decedent to Appellant's own business.  The court found Appellant's primary arguments were that he was surprised by the evidence presented at trial and he was not permitted to submit a summary of the evidence post-trial.  However, it noted Appellant chose not to conduct discovery on these matters, as no written discovery was exchanged between the parties, limited depositions were taken, and there were no requests for the production of documents submitted.  Further, it found Appellant's trial counsel acquiesced to the admission of evidence related to the issues numerous times, either expressly or by failing to object to its introduction.  Thus, the circuit court determined Appellant raised this issue to the court for the first time on appeal; therefore, it was not preserved for its review.

We find the circuit court correctly found Appellant did not preserve this issue for its review. At trial, Appellant did not object to the introduction of the documents into evidence. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review."). Also, Appellant did not object when the probate court denied his request to respond to the evidence with a summary of his own. *See id.* Further, even if Appellant raised any errors related to these issues in his motion to reconsider to the probate court, we cannot review that motion because Appellant did not include it in the record on appeal. *See Bonaparte*, 291 S.C. at 444, 354 S.E.2d at 50 (declining to address the appellant's claim of error because the appellant failed to furnish this court with a sufficient record on appeal to permit consideration of the issue); *id.* ("In the absence of such a record, this issue cannot be considered on appeal."); Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal.").

### III.    Separate Envelope

Appellant argues the circuit court erred in ruling a separate envelope containing a document with instructions devising the Church Property to Thomas should be integrated into Decedent's Will. We decline to consider this issue.

Appellant argues the circuit court erred in affirming the probate court, and the typed document should not have been integrated into the Will because the document was not signed, witnessed, dated, or notarized, and it was in a separate envelope not attached to the Will. The Appellant has not included a copy of the Will or the separate document in the record on appeal. The Appellant bears the burden of providing a sufficient record on appeal from which this court can make an intelligent review. *See Bonaparte v. Floyd*, 291 S.C. 427, 444, 354 S.E.2d 40, 50 (Ct. App. 1987) (declining to address the appellant's claim of error because the appellant failed to furnish this court with a sufficient record on appeal to permit consideration of the issue). "In the absence of such a record, this issue cannot be considered on appeal." *Id.*; Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal."). Our standard of review is that this court may not disturb the probate or circuit courts' findings of fact unless a review of the record discloses there is no evidence to support them. *In re Est. of Cumbee*, 333 S.C. at 670, 511 S.E.2d at 393. Without the inclusion of the Will or the separate document that was allegedly incorrectly integrated into the Will, we decline to consider this issue.

**CONCLUSION**

Accordingly, we reverse the probate and circuit courts' rulings that the joint tenancy with a right of survivorship between Decedent and Appellant was severed at the time the purchase agreement to sell the property was signed. We affirm the circuit court's ruling that Appellant did not preserve the issue for review of prejudicial submission of evidence and allowance of new claims on the day of trial. We decline to consider the probate and circuit courts' rulings that the separate document disposing of the Church Property should be integrated into Decedent's Will.

**AFFIRMED IN PART and REVERSED IN PART.**

**HUFF and GEATHERS, JJ., concur.**